IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, | ) ) ) ) ) CASE NO.  3:25-cv-913 |
| Plaintiff, | ) ) |
| *v.* | ) ) ) |
| CHARLOTTE SHOTCRETE SERVICES, L.L.C., MICHAEL BRADLEY BENJAMIN AND ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ | ) ) ) ) ) |
| Defendants. | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Progressive Southeastern Insurance Company ("Progressive"),

pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §

2201,*et. seq,* files the following Complaint seeking declaratory relief to

determine the rights and interest of the parties, and avers as follows:

## **NATURE OF THE ACTION**

1.      This case is an action for declaratory judgment under Rule 57 of

the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights

and other legal relations surrounding questions of actual controversy that

presently exist between Progressive and the Defendants, i.e., whether Progressive owes insurance coverage obligations, including, without limitation, the obligations to defend or indemnify the Defendants with respect to the underlying claims of Roxanna Elizabeth Gomez against Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC, related to a July 26, 2024 motor vehicle accident.

## PARTIES

2.     Progressive Southeastern Insurance Company ("Progressive") is an Indiana domiciled property a casualty company with a principal place of business in Carmel, Indiana.

3.     Charlotte Shotcrete Services, LLC ("Charlotte Shotcrete") is a limited liability company organized under the laws of the State of North Carolina with its principal place of business located in Mecklenburg County.

4.     Michael Bradley Benjamin is a resident of Mecklenburg County, North Carolina.

5.     Roxana Elizabeth Gomez, Administrator of the Estate of Karina Elizabeth Ramirez, is a resident of Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

6.     This declaratory judgment action involves Progressive's rights and duties pursuant to the Commercial Auto insurance policy issued to Charlotte Shotcrete issued in North Carolina.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because one of the parties is located in this District, and a substantial part of the events giving rise to Progressive's declaratory judgment claim took place in this District.

8.     Defendant Charlotte Shotcrete resides in the Charlotte Division of the Western District of North Carolina and is subject to personal jurisdiction and venue in this Court.

9.     Defendant Charlotte Shotcrete is subject to personal jurisdiction and venue in this Court.

10.     Defendant Michael Bradley Benjamin is subject to personal jurisdiction and venue in this Court.

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

12.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.

13.     This Court also has jurisdiction under 28 U.S.C. § 2201, in that Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Progressive.

## FACTUAL ALLEGATIONS
### The Policy

14.     Progressive issued a commercial auto insurance policy to Charlotte Shotcrete Services, LLC, policy number 963439874 with a policy effective date from November 16, 2023, to November 3, 2024, (hereinafter the "Policy.")

15.     The Policy included Part I - Liability to Others coverage. A true and accurate copy of the policy is attached hereto as Exhibit A.

16.     On the Declarations page, the Policy listed the Rated Drivers as follows:

**Rated drivers**

1. Francisco Serna
2. Xavier Gonzalez
3. Chase Mcelroy

17.     In the insurance application, Charlotte Shotcrete Services, LLC gave the following representations:

**Rated drivers**

The insured declares that no persons other than those listed in this application are expected to operate, even occasionally, the vehicle(s) described in this application.

| Name | Date of birth | Driver's license number | State | Points | Additional information | CDL | Original year CDL issued |
|------|------|------|------|------|------|------|------|
| Francisco Serna | 01/27/1975 | *******6862 | NC | 0 | | | N |
| Xavier Gonzalez | 10/25/1993 | *******8901 | NC | 0 | | | N |
| Chase Mcelroy | 06/30/1998 | *******1845 | NC | 0 | | | N |

- 4 -

18.     Michael Bradley Benjamin was not listed as a Rated Driver on the Declarations Page or on the application.

19.     The vehicles listed on the Declarations Page of the Policy as of July 16, 2024, were the following:

     2022 Ram 5500 VIN: 3C7WRNFL9NG397485
     2022 Ram 1500 Classic VIN: 3C6JR6DG8NG336820
     2024 Ram 2500 3C7WR5HJXRG178116

20.     In Part I – Liability to Others, the Policy outlines the coverage as follows:

**PART I—LIABILITY TO OTHERS**

**INSURING AGREEMENT—LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

21.     Under General Definitions, the Policy defines "insured auto" as set forth below:

6. "**Insured auto**" or "**your insured auto**" means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional **auto** for Part I—Liability To Others and/or Part II—Damage To Your Auto on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

$\blacksquare$

    (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
    (iii) no other insurance policy provides coverage for that **auto**; and
    (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

    22.    Under General Definitions, the Policy contains the following additional applicable definitions:

17. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

    21.  "**You**," "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

21. **"You", "your"** and **"yours"** refer to the named insured shown on the **declarations page**.

## THE 2022 DODGE RAM

23.    On July 16, 2024, Michael Bradley Benjamin was driving a 2022 Dodge Ram with VIN No. 3C63RRJL5NG415048 ("Dodge Ram"). The Dodge Ram was owned by Charlotte Shotcrete Servies, LLC.

24.    According to the North Carolina Department of Motor Vehicles, the Dodge Ram was originally registered to Charlotte Shotcrete Services, LLC on December 8, 2022.

25.    Upon information and belief, the Dodge Ram was purchased by Charlotte Shotcrete Services, LLC on December 8, 2022.

26.    The Dodge Ram was owned by Charlotte Shotcrete Services, LLC prior to the subject July 16, 2024, motor vehicle accident.

27.    The Dodge Ram was not listed on the Progressive Policy issued to Charlotte Shotcrete Services, LLC as of July 16, 2024.

## THE UNDERLYING LAWSUIT

28.    Roxanna Elizabeth Gomez is the appointed Administrator of the estate of Karina Elizabeth Gomez Ramirez. ("Administrator")

29.    Gomez filed a Complaint in the Superior Court of Mecklenburg County, North Carolina against Charlotte Shotcrete Services, LLC and Michael Bradley Benjamin on June 16, 2025, seeking damages for the alleged

wrongful death of Karina Elizabeth Gomez Ramirez. ("Underlying Lawsuit"). A copy of the Complaint is attached hereto as <u>Exhibit B</u>.

30.      Progressive was a named defendant in the Underlying Lawsuit but was dismissed on August 1, 2025. See <u>Exhibit C</u>.

31.      The Underlying Lawsuit alleges that on July 16, 2024, Michael Bradley Benjamin was operating the Dodge Ram on US 21 in Huntersville, Mecklenburg County, North Carolina when he was involved in a multi-vehicle accident involving a vehicle operated by Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 8-11).

32.      The Underlying Lawsuit alleges that Karina Elizabeth Gomez Ramirez died on July 16, 2024. (Ex. B., ¶13).

33.      The Underlying Lawsuit alleges that Michael Bradley Benjamin was negligent in the operation of the Dodge Ram and that his negligence was the proximate cause of the death of Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 8-13).

34.      The Underlying Lawsuit alleges that Michael Bradley Benjamin was operating the Dodge Ram with the permission of Charlotte Shotcrete Services, LLC and within the scope of his employment. (Ex. B., ¶¶ 16-20).

35.      The Underlying Lawsuit alleges that Charlotte Shotcrete Services, LLC is liable for the wrongful death of Karina Elizabeth Gomez Ramirez due

to its negligent retention, training and supervision of Michael Bradley Benjamin. (Ex. B. ¶¶ 22-26).

36. The Underlying Lawsuit alleges that Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC were grossly negligent in causing the death of Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 28-31).

37. The Underlying Lawsuit alleges that Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC engaged in willful and wanton misconduct, gross negligence, and carelessness. (Ex. B., ¶33).

38. The Administrator seeks compensatory damages for the wrongful death of Karina Elizabeth Gomez Ramirez including expenses for care, treatment and hospitalization incident to the injury resulting in death; pain and suffering of the decedent; funeral expenses of the decedent; lost: income, services, protection, care and assistance of the decedent whether voluntary or obligatory, society, companionship, comfort, guidance, kindly offices and advice. (Ex. B., ¶35).

39. The Administrator seeks punitive damages from Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC. (Ex. B., ¶33).

## FIRST CLAIM FOR RELIEF-DECLARATORY JUDGMENT

40.     Progressive repeats, realleges, and incorporates herein by references paragraphs one through thirty-nine with like effect as if fully set forth herein.

41.     The Dodge Ram is not an "insured auto" under the Policy's definition.

42.     The Dodge Ram is not a "temporary substitute auto" under the Policy's definition.

43.     The Policy does not provide coverage for the bodily injury claims asserted on behalf of Karina Elizabeth Gomez Ramirez because the Dodge Ram is not an "insured auto."

44.     The Policy does not provide coverage for the bodily injury claims asserted on behalf of Karina Elizabeth Gomez Ramirez because the Dodge Ram is not a "temporary substitute auto."

45.     The Policy does not provide coverage for the punitive damages sought by the Administrator in the Underlying Lawsuit.

46.     A real and justiciable controversy exists between the parties concerning whether the Policy provides coverage for allegations asserted in the Underlying Lawsuit.

47.     Progressive is entitled to a declaration that the Policy does not apply to any claims for loss regarding the Accident.

48.     Progressive seeks a judicial determination and declaration of the rights, status and other legal obligations under the terms of the Policy.

49.     A declaration from this Court is necessary and proper to resolve the uncertainty and resolve this controversy.

50.     Progressive relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Progressive requests that the Court grant the following relief:

1. The Court enter an order or judgment declaring that Progressive has no duty or obligation under the Policy to make any payment to or on behalf of Defendants;

2. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to defend Michael Bradley Benjamin in the Underlying Lawsuit.

3. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to defend Charlotte Shotcrete Services, LLC in the Underlying Lawsuit.

4. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to indemnify Michael Bradley Benjamin in the Underlying Lawsuit;

5. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to indemnify Charlotte Shotcrete Services, LLC arising from allegations in the Underlying Lawsuit;

6. A trial by jury on all issues of fact contained herein, if applicable;

7. The costs of this action be taxed against Defendants, and

8. The Court provide Progressive such other and further relief as the Court deems just and proper.

This the 18th day of November, 2025.

/s/Camilla F. DeBoard
Camilla F. DeBoard
North Carolina State Bar No.:41265

BOVIS KYLE BURCH AND MEDLIN
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Telephone: (336) 906-3625
Facsimile: (33) 907-4178
*Attorneys for Plaintiff Progressive*
*Southeastern Insurance Company*