IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PROGRESSIVE SOUTHEASTERN INURANCE COMPANY,<br>Plaintiff,<br><br>vs.<br><br>CHARLOTTE SHOTCRETE SERVICES, L.L.C., MICHAEL BRADLEY BENJAMIN, and ROXANA ELIZABETH GOMEZ, Administration of the Estate of KARINA ELIZABETH RAMIREZ,<br>Defendants. | Case No: 3:25-cv-913<br><br>**ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ'S ANSWER** |

**NOW COMES**, Defendant Roxana Elizabeth Gomez, Administrator of the Estate of Karina Elizabeth Ramirez, by and through undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff's, PROGRESSIVE SOUTHEASTERN INURANCE COMPANY ("Plaintiff"), COMPLAINT FOR DECLARATORY JUDGMENT, stating that all allegations not specifically admitted herein are denied, and further state as follows:

### NATURE OF ACTION

1. The allegations of paragraph 1 are admitted upon information and belief.

### PARTIES

2. The allegations of Paragraph 2 are admitted upon information and belief.

3. The allegations of Paragraph 3 are admitted upon information and belief.

4. The allegations of Paragraph 4 are admitted upon information and belief.

5. Admitted.

### JURISDICTION AND VENUE

6. The allegations of Paragraph 6 are admitted upon information and belief.

7. The allegations of Paragraph 7 are admitted upon information and belief.

8. The allegations of Paragraph 8 are admitted upon information and belief.

9. The allegations of Paragraph 9 are admitted upon information and belief.

10. The allegations of Paragraph 10 are admitted upon information and belief.

11. The allegations of Paragraph 11 are admitted upon information and belief.

12. The allegations of Paragraph 12 are admitted upon information and belief.

13. The allegations of Paragraph 13 are admitted upon information and belief.

## FACTUAL ALLEGATIONS
### The Policy

14. Admitted.

15. As to the allegations of Paragraph 15, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

16. As to the allegations of Paragraph 16, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

17. As to the allegations of Paragraph 17, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

18. As to the allegations of Paragraph 18, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

19. As to the allegations of Paragraph 19, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

20. As to the allegations of Paragraph 20, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

21. As to the allegations of Paragraph 21, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

22. As to the allegations of Paragraph 22, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

## **THE 2022 DODGE RAM**

23. The allegations of Paragraph 23 are admitted upon information and belief.

24. As to the allegations of Paragraph 24, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

25. As to the allegations of Paragraph 25, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

26. As to the allegations of Paragraph 26, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

27. As to the allegations of Paragraph 27, Defendant is without sufficient knowledge and information upon which to form a belief as to the truthfulness of said allegation, and therefore, deny the same.

## THE UNDERLYING LAWSUIT

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

## FIRST CLAIM FOR RELIEF-DECLARATORY JUDGMENT

40. Defendant repeats, realleges, and incorporates herein by references Paragraph 1-39 with like effect as if fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied

4

45. Denied

46. It is admitted that the Policy provides coverage for the underlying loss and claims asserted by the Estate of Karina Ramriez; except as specifically admitted, denied.

47. Denied.

48. It is admitted that the Policy provides coverage for the underlying loss and claims asserted by the Estate of Karina Ramriez and that Progressive Southeastern Insurance Co., contests that; except as specifically admitted, denied.

49. It is admitted that Defendant prays that this Court enter a declaration that the Policy provides coverage for the underlying loss and claims asserted by the Estate of Karina Ramriez in the underly

50. Denied.

**WHEREFORE**, having fully answered the Complaint for Declaratory Judgment of the Plaintiff, Defendant prays the Court as follows:

1. A declaratory judgment declaring the obligations of the parties in the underlying Action North Carolina Superior Court Case 25CV030147-590;

2. A declaratory judgment declaring Plaintiff must provide coverage for the losses and claims asserted by the Estate of Karina Ramriez in the underlying Action North Carolina Superior Court Case 25CV030147-590;

3. A declaratory judgment that Plaintiff has a duty to defend Michael Benjamin and Charlotte Shotcrete Services, LLC in the Action North Carolina Superior Court Case 25CV030147-590;

4. A declaratory judgment that Plaintiff has a duty to extend coverage to Michael Benjamin and Charlotte Shotcrete Services, LLC for the claims asserted against them in the Action North Carolina Superior Court Case 25CV030147-590;

5. That all costs of this Action be taxed against Plaintiff;

6. Trial by jury on all matters triable as of right; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of January 2026.

/s/ Brian E. Thompson, Esq.
Brian E. Thompson, Esq.
Thompson Law Firm
Counsel for Defendant Estate of Karina Elizabeth Ramirez
301 N. Main St., Suite 2449
Winston-Salem, NC 27101
Phone: 336-559-7530
Brian@thompsonpersonalinjury.com

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served to the attorney(s) on the Service List below submitted this 22nd day of January 2026.

.

**Service List:**

Camilla F. DeBoard
Bovis Kyle Burch & Medlin
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Telephone: (336) 906-3625
Fax: (336) 907-4178

/s/ Brian E. Thompson
Brian E. Thompson, Esq.