**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:25-cv-913**

| | |
|---|---|
| **Progressive        Southeastern Insurance Company,**<br><br><br><br>                                    **Plaintiff,**<br><br>**v.**<br><br><br>**Charlotte Shotcrete Services, LLC, Michael Bradley Benjamin, and Roxana Elizabeth Gomez, Administration of the Estate of Karina Elizabeth Ramirez,**<br><br><br>                                    **Defendants.** | <br><br><br><br><br><br><br>**Affirmative Defenses and Answer of Defendant Charlotte Shotcrete Services, LLC** |

NOW COMES the Defendant Charlotte Shotcrete Services, LLC and asserts the following Affirmative Defenses and Answers the Plaintiff's Complaint as follows:

## Affirmative Defenses

### First Affirmative Defense
### Failure to State a Claim Under Rule 12(b)(6)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense
## Policy Ambiguity Must Be Construed Against the Insurer

To the extent the insurance policy language is ambiguous, it must be construed against the insurer and in favor of coverage.

## Third Affirmative Defense
## Policy Must Be Interpreted to Provide Coverage Where Reasonably Possible

North Carolina courts interpret insurance policies to provide coverage when reasonably possible, and strictly construe policy exclusions.

## Fourth Affirmative Defense
## Waiver

To the extent permitted by law, Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Fifth Affirmative Defense
## Estoppel

Plaintiff may be estopped from denying coverage to the extent its conduct, representations, delay, or acceptance of premiums caused Defendant to reasonably rely to Defendant's detriment.

## Sixth Affirmative Defense
### Declaratory Relief is Premature

Plaintiff's request for declaratory judgment regarding indemnity obligations is premature because liability in the underlying tort action has not yet been determined.

## Seventh Affirmative Defense
### Lack of Justiciable Controversy

Plaintiff's claims are barred to the extent they seek declaratory relief regarding issues that are not yet ripe or depend on unresolved facts in the underlying litigation.

## Eighth Affirmative Defense
### Duty to Defend

The allegations in the underlying action potentially fall within the coverage afforded by the Policy. Under North Carolina law, an insurer has a duty to defend when the allegations of the complaint are even arguably covered by the policy. Accordingly, Plaintiff owes a duty to defend Defendant in the underlying action, and Plaintiff's claim for declaratory relief fails to the extent it seeks a declaration to the contrary.

## Ninth Affirmative Defense
## Failure to Join Necessary Parties

To the extent any person or entity with a legally protected interest in the insurance policy or coverage issues at stake in this action has not been joined, Plaintiff's claims are barred for failure to join necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## Tenth Affirmative Defense
## Discretionary Jurisdiction under the Declaratory Judgment Act

To the extent Plaintiff seeks declarations regarding insurance coverage issues that overlap with or depend upon facts being litigated in the underlying action, the Court should decline to exercise jurisdiction or stay this action.

## Eleventh Affirmative Defense
## Declaratory Relief Would Require Improper Fact Determinations

Plaintiff's request for declaratory relief is improper to the extent it would require this Court to resolve factual issues that are central to the underlying tort litigation. To the extent Plaintiff's claims depend upon such factual determinations, declaratory relief is inappropriate or premature.

## Twelfth Affirmative Defense
### Reservation of Additional Defenses

Defendant reserves the right to assert additional defenses as they become known through discovery.

## Answer to Complaint

### Nature of the Action

1.     This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Progressive and the Defendants, i.e., whether Progressive owes insurance coverage obligations, including, without limitation, the obligations to defend or indemnify the Defendants with respect to the underlying claims of Roxanna Elizabeth Gomez against Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC, related to a July 26, 2024 motor vehicle accident.

**Defendant admits that Plaintiff purports to bring this action for declaratory judgment regarding insurance coverage. Except as expressly admitted, the allegations in this paragraph are denied.**

## Parties

2.     Progressive Southeastern Insurance Company ("Progressive") is an Indiana domiciled property a casualty company with a principal place of business in Carmel, Indiana.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

3.     Charlotte Shotcrete Services, LLC ("Charlotte Shotcrete") is a limited liability company organized under the laws of the State of North Carolina with its principal place of business located in Mecklenburg County.

**Admitted.**

4.     Michael Bradley Benjamin is a resident of Mecklenburg County, North Carolina.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.**

5.     Roxana Elizabeth Gomez, Administrator of the Estate of Karina Elizabeth Ramirez, is a resident of Mecklenburg County, North Carolina.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

## Jurisdiction and Venue

6.     This declaratory judgment action involves Progressive's rights and duties pursuant to the Commercial Auto insurance policy issued to Charlotte Shotcrete issued in North Carolina.

**Defendant admits that Plaintiff alleges claims concerning a commercial auto insurance policy issued to Defendant. Except as expressly admitted, the allegations in this paragraph are denied.**

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because one of the parties is located in this District, and a substantial part of the events giving rise to Progressive's declaratory judgment claim took place in this District.

**Defendant does not contest venue but denies the remaining allegations to the extent they characterize Plaintiff's claims.**

8.     Defendant Charlotte Shotcrete resides in the Charlotte Division of the Western District of North Carolina and is subject to personal jurisdiction and venue in this Court.

**Admitted.**

9.     Defendant Charlotte Shotcrete is subject to personal jurisdiction and venue in this Court.

**Admitted on information and belief.**

10.     Defendant Michael Bradley Benjamin is subject to personal jurisdiction and venue in this Court.

 **Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

12.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

13.    This Court also has jurisdiction under 28 U.S.C. § 2201, in that Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Progressive.

**Admitted on information and belief.**

## Factual Allegations

### The Policy

14.    Progressive issued a commercial auto insurance policy to Charlotte Shotcrete Services, LLC, policy number 963439874 with a policy effective date from November 16, 2023, to November 3, 2024, (hereinafter the "Policy.")

**Defendant admits that Progressive issued a commercial auto insurance policy to Charlotte Shotcrete Services, LLC, with a policy effective date of November 16, 2023.  Except as expressly admitted**

**herein, all other allegations in this paragraph are denied.**

15.　The Policy included Part I - Liability to Others coverage. A true and accurate copy of the policy is attached hereto as <u>Exhibit A</u>.

**Defendant admits that the policy included Part I – Liability to Others.　Except as expressly admitted herein, all other allegations in this paragraph are denied.**

16.　On the Declarations page, the Policy listed the Rated Drivers as follows:

**Rated drivers**

1. Francisco Serna
2. Xavier Gonzalez
3. Chase Mcelroy

**Defendant admits that Paragraph 16 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

17. In the insurance application, Charlotte Shotcrete Services, LLC gave the following representations:

**Rated drivers**

The insured declares that no persons other than those listed in this application are expected to operate, even occasionally, the vehicle(s) described in this application.

| Name | Date of birth | Driver's license number | State | Points | Additional information | CDL | Original year CDL issued |
|---|---|---|---|---|---|---|---|
| Francisco Serna | 01/27/1975 | ********6862 | NC | 0 | | | N |
| Xavier Gonzalez | 10/25/1993 | ********8901 | NC | 0 | | | N |
| Chase McElroy | 06/30/1998 | ********1845 | NC | 0 | | | N |

**Defendant admits that Paragraph 17 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

18. Michael Bradley Benjamin was not listed as a Rated Driver on the Declarations Page or on the application.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

19. The vehicles listed on the Declarations Page of the Policy as of July 16, 2024, were the following:

2022 Ram 5500 VIN: 3C7WRNFL9NG397485

2022 Ram 1500 Classic VIN: 3C6JR6DG8NG336820

2024 Ram 2500 3C7WR5HJXRG178116

**Defendant admits that the 3 vehicles identified in Paragraph 19 are reflected on page 67 of Exhibit A to the Complaint. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

20. In Part I – Liability to Others, the Policy outlines the coverage as follows:

## PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT—LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**Defendant admits that Paragraph 20 purports to quote or depict**

language from Exhibit A to the Complaint. Exhibit A speaks for itself.

To the extent Plaintiff characterizes or interprets the policy language,

those allegations are denied.

21.    Under General Definitions, the Policy defines "insured auto" as

set forth below:

6.  "**Insured auto**" or "**your insured auto**" means:
    a.  Any **auto** specifically described on the **declarations page**; or
    b.  An additional **auto** for Part I—Liability To Others and/or Part II—Damage
        To Your Auto on the date **you** become the owner if:
        (i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;

2

(ii)   **we** insure all **autos** owned by **you** that are used in **your** business;
(iii)  no other insurance policy provides coverage for that **auto**; and
(iv)   **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to
       cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

**Defendant admits that Paragraph 21 purports to quote or depict**

language from Exhibit A to the Complaint. Exhibit A speaks for itself.

To the extent Plaintiff characterizes or interprets the policy language,

**those allegations are denied.**

22.     Under General Definitions, the Policy contains the following additional applicable definitions:

> 17. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

> 21. "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

> 21. "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

**Defendant admits that Paragraph 22 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

## The 2022 Dodge Ram

23.     On July 16, 2024, Michael Bradley Benjamin was driving a 2022 Dodge Ram with VIN No. 3C63RRJL5NG415048 ("Dodge Ram"). The Dodge

Ram was owned by Charlotte Shotcrete Servies, LLC.

**Defendant admits that Michael Bradley Benjamin was operating a vehicle identified in the Complaint as a 2022 Dodge Ram on July 16, 2024. Defendant lacks sufficient knowledge to admit the remaining allegations in this paragraph and thus denies the same.**

24.     According to the North Carolina Department of Motor Vehicles, the Dodge Ram was originally registered to Charlotte Shotcrete Services, LLC on December 8, 2022.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

25.     Upon information and belief, the Dodge Ram was purchased by Charlotte Shotcrete Services, LLC on December 8, 2022.

**Admitted on information and belief.**

26.     The Dodge Ram was owned by Charlotte Shotcrete Services, LLC prior to the subject July 16, 2024, motor vehicle accident.

**Admitted.**

27.     The Dodge Ram was not listed on the Progressive Policy issued to Charlotte Shotcrete Services, LLC as of July 16, 2024.

**Defendant admits that the Dodge Ram identified in the Complaint does not appear on the declarations page of the Policy as of July 16, 2024. Defendant denies that the absence of the vehicle from the declarations page determines whether the vehicle qualifies as an "insured auto" under the terms of the Policy.**

## The Underlying Lawsuit

28.     Roxanna Elizabeth Gomez is the appointed Administrator of the estate of Karina Elizabeth Gomez Ramirez. ("Administrator")

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

29. Gomez filed a Complaint in the Superior Court of Mecklenburg County, North Carolina against Charlotte Shotcrete Services, LLC and Michael Bradley Benjamin on June 16, 2025, seeking damages for the alleged wrongful death of Karina Elizabeth Gomez Ramirez. ("Underlying Lawsuit"). A copy of the Complaint is attached hereto as Exhibit B.

**Defendant admits that a copy of a Complaint filed in the Superior Court of Mecklenburg County, North Carolina is attached as Exhibit B to the Complaint. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

30. Progressive was a named defendant in the Underlying Lawsuit but was dismissed on August 1, 2025. See Exhibit C.

**Defendant admits that a copy of a Voluntary Dismissal filed August 1, 2025 is attached as Exhibit C to the Complaint. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

31. The Underlying Lawsuit alleges that on July 16, 2024, Michael Bradley Benjamin was operating the Dodge Ram on US 21 in Huntersville, Mecklenburg County, North Carolina when he was involved in a multi-vehicle accident involving a vehicle operated by Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 8-11).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

32. The Underlying Lawsuit alleges that Karina Elizabeth Gomez Ramirez died on July 16, 2024. (Ex. B., ¶13).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

33.    The Underlying Lawsuit alleges that Michael Bradley Benjamin was negligent in the operation of the Dodge Ram and that his negligence was the proximate cause of the death of Karina Elizabeth Gomez Ramirez.  (Ex. B., ¶¶ 8-13).

**Defendant responds that Exhibit B to the Complaint speaks for itself.  Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

34.    The Underlying Lawsuit alleges that Michael Bradley Benjamin was operating the Dodge Ram with the permission of Charlotte Shotcrete Services, LLC and within the scope of his employment. (Ex. B., ¶¶ 16-20).

**Defendant responds that Exhibit B to the Complaint speaks for itself.  Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

35.     The Underlying Lawsuit alleges that Charlotte Shotcrete Services, LLC is liable for the wrongful death of Karina Elizabeth Gomez Ramirez due to its negligent retention, training and supervision of Michael Bradley Benjamin. (Ex. B. ¶¶ 22-26).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

36.     The Underlying Lawsuit alleges that Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC were grossly negligent in causing the death of Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 28-31).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

37.     The Underlying Lawsuit alleges that Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC engaged in willful and wanton misconduct, gross negligence, and carelessness. (Ex. B., ¶33).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

38.     The Administrator seeks compensatory damages for the wrongful death of Karina Elizabeth Gomez Ramirez including expenses for care, treatment and hospitalization incident to the injury resulting in death; pain and suffering of the decedent; funeral expenses of the decedent; lost: income, services, protection, care and assistance of the decedent whether voluntary or obligatory, society, companionship, comfort, guidance, kindly offices and advice. (Ex. B., ¶35).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

39. The Administrator seeks punitive damages from Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC. (Ex. B., ¶33).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

## First Claim for Relief-Declaratory Judgment

40. Progressive repeats, realleges, and incorporates herein by references paragraphs one through thirty-nine with like effect as if fully set forth herein.

**Defendant realleges and reincorporates by reference all previous responses, answers, and defenses as if fully set forth herein.**

41. The Dodge Ram is not an "insured auto" under the Policy's definition.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

42.     The Dodge Ram is not a "temporary substitute auto" under the Policy's definition.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

43.     The Policy does not provide coverage for the bodily injury claims asserted on behalf of Karina Elizabeth Gomez Ramirez because the Dodge Ram is not an "insured auto."

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

44.     The Policy does not provide coverage for the bodily injury claims asserted on behalf of Karina Elizabeth Gomez Ramirez because the Dodge Ram is not a "temporary substitute auto."

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

45.     The Policy does not provide coverage for the punitive damages sought by the Administrator in the Underlying Lawsuit.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

46.     A real and justiciable controversy exists between the parties concerning whether the Policy provides coverage for allegations asserted in the Underlying Lawsuit.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

47.     Progressive is entitled to a declaration that the Policy does not apply to any claims for loss regarding the Accident.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

48.     Progressive seeks a judicial determination and declaration of the rights, status and other legal obligations under the terms of the Policy.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

49.     A declaration from this Court is necessary and proper to resolve the uncertainty and resolve this controversy.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

50.     Progressive relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

WHEREFORE, Defendant Charlotte Shotcrete Services, LLC requests that the Court grant the following relief:

1.     That the Court enter a declaratory judgment in favor of Defendant Charlotte Shotcrete Services, LLC and against Plaintiff on Plaintiff's claim for declaratory relief;

2.     That the Court declare that Plaintiff owes a duty to defend Charlotte Shotcrete Services, LLC in the underlying action styled pending in the Superior Court of Mecklenburg County, North Carolina;

3.     That the Court award Defendant Charlotte Shotcrete Services, LLC its costs incurred in defending this action as permitted by law;

4.     That the Court grant Defendant Charlotte Shotcrete Services, LLC a trial by jury on all issues so triable; and

5.     That the Court grant such other and further relief as the Court deems just and proper

This, the 10th day of March, 2026

**HULL & CHANDLER**

By:     */s/ Elizabeth Vennum*
        Elizabeth Vennum
        N.C. State Bar No. 49747
        Counsel for Defendant
        Hull & Chandler
        1009 East Boulevard
        Charlotte, NC 28203
        Tel. (704) 375-8488
        Fax (704) 375-8487
        lvennum@lawyercarolina.com
        *Counsel for Defendant Charlotte*
        *Shotcrete Services LLC*

# Certificate of Service

This is to certify that on this date the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Telephone: (336) 906-3625
Fax: (336) 907-4178
*Counsel for Plaintiff*

Brian E. Thompson, Esq.
Thompson Law Firm
301 N. Main St., Suite 2449
Winston-Salem, NC 27101
Phone: 336-559-7530
*Counsel for Defendant Estate of Karina Elizabeth Ramirez*

Brett Dressler
Sellers Ayers Dortch Lyons
301 S. McDowell Street Suite 410
Charlotte, NC 28204
Phone: (704) 337-5050
bdressler@sellersayers.com
*Counsel for Defendant Michael Benjamin*

This, the 10th day of March, 2026

## HULL & CHANDLER

By: */s/ Elizabeth Vennum*
Elizabeth Vennum
N.C. State Bar No. 49747
Counsel for Defendant
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
Tel. (704) 375-8488
Fax (704) 375-8487
lvennum@lawyercarolina.com