# UNITED STATES DISTRICT COURT
### for the
Western District of North Carolina

| | | |
|---|---|---|
| Progressive Southeeastern Insurance Company | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   3:25-cv-913 |
| Charlotte Shotcrete Serviceds, LLC, Michael Bradley Benjamin and Roxana Elizabeth Gomez, Administrator | ) ) ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
       Ally Financial Inc., CT Corporation System, Registered Agent
       160 Mine Lake Court, Ste 200, Raliegh, NC  27615-6417

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    PLEASE SEE EXHIBIT A ATTACHED.

| Place: Sellers Ayers Dortch & Lyons, PA<br>301 S. McDowell Street, Ste. 410<br>Charlotte, NC  28204 | Date and Time:<br><br>02/27/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/12/2026

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Michael Benjamin
_____ , who issues or requests this subpoena, are:

Brett Dressler - Sellers Ayers Dortch & Lyons PA

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-cv-913

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____02/12/2026_____

 

_____
*Server's signature*

**Brett Dressler - Attorney**
_____
*Printed name and title*
Sellers Ayers Dortch & Lyons, PA
301 S. McDowell Street, Ste. 410
Charlotte, NC 28204
704-377-5050/ bdressler@sellersayers.com
_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

   **(i)** is a party or a party's officer; or

   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## I. Definitions

1. "You," "Your," "Ally," or "Ally Financial" means Ally Financial Inc. and any predecessors, successors, parents, subsidiaries, affiliates, divisions, agents, contractors, servicers, insurance-tracking vendors, and any other persons or entities acting on Ally's behalf.

2. "Borrower" means Charlotte Shotcrete Services, LLC and any co-obligor, guarantor, authorized user, or person who communicated with Ally concerning the account or collateral.

3. "Vehicle" means the 2022 Ram 3500 identified in the declaratory judgment pleadings as VIN 3C63RRJL5NG415048.

4. "Accident" means the July 2024 motor vehicle accident referenced in the pleadings (the Complaint references July 26, 2024 in the "Nature of the Action," and the underlying/vehicle allegations reference July 16, 2024).

5. "Progressive Policy" means Progressive commercial auto policy no. 963439874 issued to Charlotte Shotcrete Services, LLC, alleged to have an effective period November 16, 2023 to November 3, 2024.

6. "Finance Contract" means any retail installment sale contract, promissory note, security agreement, retail purchase agreement, and any assignment, addendum, gap product, or modification relating to the Vehicle.

7. "Document(s)" is used in the broadest sense and includes ESI (emails, texts, chat messages, call recordings, call logs), databases, servicing notes, screenshots, imaged documents, and all attachments.

8. "Communication(s)" includes all written, electronic, or oral communications, including notes or memorialization of calls.

## II. Instructions for Production

1. Time period: Produce documents from November 1, 2022 through the present, unless otherwise limited in a specific request.

2. Format / ESI:

- o Produce ESI in native format where feasible (including spreadsheets as .xlsx/.csv), with metadata intact (custodian, author, created/modified dates, sent/received dates, recipients, and attachment relationships).

- o For emails, produce as .pst, .mbox, or equivalent with attachments preserved, or in TIFF/PDF with load files if that is Ally's standard litigation format.

- o For call recordings, produce recordings in native audio format and associated logs/metadata.

3. Completeness: If any document is withheld, provide a privilege log sufficient to identify the document, date, author, recipients, general subject matter, and privilege asserted.

4. Identification of systems/vendors: If responsive information is maintained by an insurance tracking vendor or subservicer, produce those vendor records and identify the vendor(s) and system(s) used.

## III. Documents to Be Produced

## A. Account/Loan/Collateral File (the "loan jacket")

1. The complete Finance Contract file for the Vehicle, including:

- o the contract/note/security agreement and all addenda,

- o the complete assignment/transfer history (dealer to Ally and any subsequent transfers),

- o any title applications, lien recordings, and lien releases.

2. Complete payment history, transaction ledger, and account statements.

3. Complete servicing history/notes, including internal remarks, account collection notes, and activity logs reflecting interactions with Borrower or any third parties.

4. All default, delinquency, acceleration, cure, and demand notices, and supporting documentation reflecting the basis for any declared default.

## B. Insurance requirements, monitoring, and lapse tracking

5. All documents describing Ally's insurance requirements applicable to the Vehicle/loan (required coverages, limits, deductible caps, loss payee

requirements, effective date requirements, and proof-of-insurance requirements).

6. All documents sufficient to show Ally's insurance verification/monitoring activity for the Vehicle/loan, including:

   o proof-of-insurance tracking logs,

   o insurance status history (active/inactive/lapse dates),

   o "lapse," "pending cancellation," "cancellation," "nonrenewal," or "reinstatement" flags,

   o any alerts/tickets/diary entries generated by insurance status events.

7. All documents reflecting what proof of insurance Ally received (or did not receive) for the Vehicle/loan, including ACORD forms, declarations pages, ID cards, binder confirmations, certificates, and any lender notices received from insurers/agents.

8. All documents concerning any discrepancy between (a) policy information provided at origination and (b) later policy information, including any mismatch regarding VIN scheduling, policy periods, or coverage types.

## C. Force-placed / lender-placed coverage (CPI) and related charges

9. All documents regarding any force-placed insurance / collateral protection insurance (CPI) considered or placed for the Vehicle/loan, including:

   o CPI policy/binder/declarations,

   o start/stop dates,

   o premium calculations,

   o notices to Borrower about CPI placement/termination,

   o all CPI-related charges assessed to the account and the basis for each charge.

10. All documents reflecting Ally's decision-making regarding whether to place CPI, decline to place CPI, or terminate CPI, including guidelines, thresholds, and approvals.

## D. Communications about insurance (Borrower, dealer, insurer, agent, vendor)

11. All communications (including emails, texts, letters, portal messages, call recordings or summaries) between Ally and:

- Borrower (and/or its representatives),

- the selling dealer,

- any insurer or insurance agent/broker,

- any insurance tracking vendor,
  concerning insurance procurement, proof of coverage, loss payee status, cancellation/nonrenewal, reinstatement, or VIN/vehicle scheduling.

12. All communications with Progressive (or any insurer) concerning the Progressive Policy identified in the pleadings.

13. All communications referencing the Vehicle's VIN 3C63RRJL5NG415048 or any dispute regarding whether the Vehicle was covered/scheduled.

## F. Repossession, recovery, title, and disposition (if applicable)

16. All documents concerning any repossession/recovery efforts, including:

- repossession order(s),

- skip/locate activity,

- condition reports,

- storage, auction, or disposition records,

- title transfer documents,

- deficiency calculations.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing SUBPOENA was served to the following via email:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Email: cdeboard@boviskyle.com
*Attorney for Plaintiff Progressive Southeastern Insurance Company*

Elizabeth Vennum
Hull & Chandler, P.A.
North Carolina
1009 East Boulevard
Charlotte, NC 28203
Email: lvennum@lawyercarolina.com
*Attorney for Charlotte Shotcrete Services, LLC*

Steven B. Fox
Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC
101 South Elm Street, Ste. 350
Greensboro, NC 27401
Email: sbf@trslaw.com
*Attorney for Unnamed Defendant Allstate Property & Casualty Insurance Company*
Brian E. Thompson
Law Offices of Stefan R. Latorre, PA
2629 Central Avenue
Charlotte, NC 28205
Email:brian@thompsonpersonalinjury.com
*Attorney for Estate of Karina Elizabth Ramirez*

This the 12th day of February, 2026.

/s/ Brett E. Dressler
Brett E. Dressler
*Attorney for Michael Bradley Benjamin*