# IN THE UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:25-CV-913

PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,

     Plaintiff,

vs.

CHARLOTTE SHOTCRETE SERVICES, LLC, MICHAEL BRADLEY BENJAMIN AND ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ,

     Defendants.

**MICHAEL BENJAMIN'S ANSWER AND COUNTERCLAIM**

NOW COMES, Defendant Michael Bradley Benjamin, and answers the allegations in Plaintiff's Complaint by corresponding paragraph number as follows:

## NATURE OF THE ACTION

1. Admitted.

## PARTIES

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Admitted.

1

7. Admitted.

8. This allegation is not directed to Benjamin so it is neither denied nor admitted.

9. This allegation is not directed to Benjamin so it is neither denied nor admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

## FACTUAL ALLEGATIONS

14. Admitted

15. Admitted.

16. Admitted.

17. Denied based on a lack of information.

18. Admitted as to the Declarations page, denied for lack of information as to the Application.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted, except that Charlotte Shotcrete purchased the truck on December 15, 2022.

2

25. Admitted, except that Charlotte Shotcrete purchased the truck on December 15, 2022.

26. Admitted.

27. Admitted, except that Benjamin contends it should have been listed on the policy.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

## FIRST CAIM FOR RELIEF – DECLARATORY JUDGMENT

40. No response is necessary.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted.

47. Denied.

48. Admitted.

49. Admitted.

50. Denied.

## **AFFIRMATIVE DEFENSES**

Without admitting any allegation not expressly admitted elsewhere in this Answer, and reserving all rights to amend these defenses as discovery proceeds, Defendant Michael Bradley Benjamin asserts the following affirmative defenses:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Reformation / Mutual Mistake)**

1. Upon information and belief, Progressive policy number 963439874 does not accurately reflect the parties' actual agreement and intent regarding the 2022 Ram 3500, VIN 3C63RRJL5NG415048.

2. The dealership's insurance documentation identified the exact vehicle, Progressive as the insurer, policy number 963439874, Latorre Insurance as the agent, and Ally Financial as loss payee in connection with the purchase/financing transaction.

3. If the Vehicle was omitted from the written declarations or schedule, such omission resulted from mutual mistake, clerical mistake, transmission failure, processing error, or other mistake in reducing the parties' agreement to writing.

4

4. Progressive's claims are barred, in whole or in part, because the policy should be reformed to reflect the actual intended coverage.

## SECOND AFFIRMATIVE DEFENSE
### (Agency / Imputed Notice)

1. Upon information and belief, Latorre Insurance was acting within the scope of its authority in procuring, transmitting, servicing, renewing, and/or maintaining Progressive policy number 963439874.

2. Notice to Latorre of the Vehicle, its VIN, and the insured's intent that the Vehicle be added to Progressive policy number 963439874 is imputed to Progressive.

3. Progressive is therefore barred from denying coverage based on the omission of information that was actually or constructively communicated to its agent or through its ordinary processing channels.

## THIRD AFFIRMATIVE DEFENSE
### (Actual Notice / Constructive Notice)

Upon information and belief, Progressive, directly or through its agents, vendors, underwriting systems, intake systems, renewal systems, or policy-service channels, received actual or constructive notice that the Vehicle was intended to be associated with and/or added to Progressive policy number 963439874.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

To the extent Progressive relies on any policy condition, reporting requirement, notice requirement, scheduling procedure, or other forfeiture-type provision, Progressive waived strict compliance with that provision by its acts, omissions,

5

conduct, acceptance of premiums, failure to reject the Vehicle after notice, and/or failure to act after learning facts inconsistent with its current denial position.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Upon information and belief, Charlotte Shotcrete, Benjamin, and/or others acting on the insured's behalf reasonably relied on representations, conduct, omissions, or silence by Progressive, Latorre, the dealership, Ally, or entities acting within the insurance-placement or insurance-tracking chain to believe that the Vehicle was or would be added to Progressive policy number 963439874.

Progressive is equitably estopped from taking a contrary position to the extent its own conduct or the conduct of those whose knowledge is imputable to Progressive induced such reliance.

Defendant pleads estoppel only to the extent permitted by North Carolina law and not as a concession that estoppel may create coverage where none otherwise existed.

## SIXTH AFFIRMATIVE DEFENSE
### (Ratification / Acceptance of Benefits)

Upon information and belief, Progressive accepted premiums, continued the policy, renewed the policy, or otherwise retained the benefits of the insurance transaction while having actual or constructive notice of facts showing that the Vehicle was intended to be insured.

6

By such conduct, Progressive ratified the coverage arrangement or waived the right to deny the effect of the Vehicle's intended inclusion to the extent permitted by law.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Progressive's claims are barred, in whole or in part, by the doctrine of unclean hands because Progressive and/or its agent had actual or constructive notice that the Vehicle was intended to be added to the policy, yet Progressive now seeks to benefit from the very omission caused by mistake, failed processing, non-action, or a breakdown in the dealer/agent/insurer/lender communication chain.

**<u>COUNTERCLAIM</u>**

1. Counterclaim-Plaintiff Benjamin is a resident of Mecklenburg County, North Carolina.

2. Counterclaim-Defendant Progressive is an insurance company that issued and/or renewed commercial automobile policy number 963439874 to Charlotte Shotcrete Services, LLC.

3. This Counterclaim arises out of the same transaction, occurrence, and controversy that is the subject of Progressive's Complaint for Declaratory Judgment.

4. This Court has subject-matter jurisdiction over this Counterclaim because it forms part of the same case or controversy and seeks declaratory and related relief concerning the same policy, same alleged insured risk, same accident, and same parties already before the Court.

7

5. Venue is proper in this Court because the matters alleged in Progressive's Complaint and in this Counterclaim arise from the same underlying facts and coverage dispute.

**FACTUAL ALLEGATIONS**

6. Progressive filed this action seeking a declaration that it owes no defense or indemnity in connection with a July 2024 motor vehicle accident involving a 2022 Ram 3500, VIN 3C63RRJL5NG415048 (the "Vehicle").

7. Progressive alleges the Vehicle was owned by Charlotte Shotcrete Services, LLC prior to the accident but was not listed on the Progressive policy as of the date of loss.

8. Benjamin denies that Progressive is entitled to the declarations it seeks.

9. In late 2022, in connection with Charlotte Shotcrete's purchase and/or financing of the Vehicle, Steve White Dodge Chrysler Jeep Ram Fiat prepared an "Insurance Coverage Acknowledgement" identifying:

a. Charlotte Shotcrete Services LLC as the customer

b. the Vehicle as a 2022 Ram 3500 with VIN 3C63RRJL5NG415048

c. Progressive as the insurance company;

d. policy number 963439874;

e. Latorre Insurance as the agent; and

f. Ally Financial as the named loss payee.

8

10. The Insurance Coverage Acknowledgement further recited that the customer gave the dealership permission to contact the insurance company to verify that insurance coverage had been given for the Vehicle.

11. The Insurance Coverage Acknowledgement was signed on behalf of Charlotte Shotcrete and by an authorized dealership representative.

12. on or about November 15, 2022, Latorre Insurance procured and/or processed Progressive commercial auto policy number 963439874 for Charlotte Shotcrete, including the application, EFT authorization, and supporting materials transmitted to Progressive and/or its processing channels.

13. Upon information and belief, and consistent with ordinary dealership finance, lender-loss- payee, and commercial insurance-placement practices, the dealership, Latorre, Ally, or some combination of them transmitted, attempted to transmit, or made available to Progressive and/or Progressive's agents, vendors, or underwriting systems the Vehicle's identifying information, including the VIN, the intended insurer, the policy number, the agent information, and the lender loss-payee information.

14. Upon information and belief, and consistent with ordinary industry practice, a dealership would not identify a specific insurer, policy number, agent, and loss payee for a financed vehicle unless coverage for that vehicle was intended to be placed, verified, and maintained in connection with the transaction.

15. Upon information and belief, and consistent with ordinary industry practice, a finance lender and named loss payee such as Ally either directly or through an

9

insurance-tracking vendor monitors proof of insurance, policy status, VIN information, and loss-payee status for financed vehicles and communicates with borrowers, dealers, agents, insurers, and/or vendors about those items.

16. Upon information and belief, Progressive, directly or through Latorre as its producing agent, or through vendors, processing channels, underwriting systems, fax intake, policy-service channels, or renewal systems, received actual notice, inquiry notice, or constructive notice that Charlotte Shotcrete intended the Vehicle to be included on Progressive policy number 963439874.

17. Upon information and belief, Progressive had actual or constructive notice not only that the Vehicle existed, but that it was supposed to be associated with and/or scheduled on policy number 963439874.

18. If the Vehicle was omitted from the policy's vehicle schedule, that omission was the result of clerical mistake, transmission failure, processing error, misunderstanding, failure to complete an intended vehicle addition, failure to act on notice received through the dealership/agent/lender chain, or other mistake in reducing the parties' agreement to writing.

19. Upon information and belief, neither Charlotte Shotcrete nor Benjamin intended that a newly purchased and financed work truck identified to the dealership, agent, and lender as insured through Progressive policy number 963439874 would remain uninsured.

20. Upon information and belief, Progressive accepted premiums under policy number 963439874 and thereafter renewed or continued that policy, while the

Vehicle remained owned and used by Charlotte Shotcrete, without correcting the omission that Progressive now claims defeats coverage.

21. Progressive's current position is based on the absence of the Vehicle from the written declarations/schedule, not on any contemporaneous written notice from Progressive that the Vehicle had been rejected for scheduling after the insurer, its agent, the dealership, or the lender had been given the Vehicle's information.

22. The underlying wrongful-death complaint alleges that Benjamin was operating the Vehicle with Charlotte Shotcrete's permission and within the course and scope of his employment.

23. Benjamin contends that Progressive had actual or constructive notice that the Vehicle was supposed to be covered, that any omission from the written schedule was the product of mistake or failed processing rather than a deliberate exclusion, and that Progressive therefore is not entitled to a declaration of no coverage.

24. An actual and justiciable controversy exists between Benjamin and Progressive regarding whether Progressive owes duties to defend and indemnify Benjamin with respect to the claims arising from the accident.

## FIRST COUNTERCLAIM
### (Declaratory Judgment – Coverage/Notice)

25. Benjamin incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

26. Progressive seeks a declaration that the Vehicle was not an insured auto and that it owes no duties under policy number 963439874.

27. Benjamin seeks the opposite declaration: that Progressive, through direct notice, constructive notice, agency notice, or notice received through ordinary dealer/agent/lender processing channels, was placed on notice that the Vehicle was intended to be added to and insured under policy number 963439874.

28. Notice to Latorre, acting within the scope of its role in procuring, transmitting, maintaining, renewing, and servicing Progressive policy number 963439874, is properly imputed to Progressive.

29. Upon information and belief, notice of the Vehicle also was conveyed, or reasonably should have been conveyed, through the dealership and/or Ally/loss-payee channels in the ordinary course of placing and monitoring insurance for a financed commercial vehicle.

30. Progressive may not rely on a schedule omission caused by mistake, failed processing, or a breakdown in communications among Progressive, its agent, and the dealer/lender chain where the insurer had actual or constructive notice that the Vehicle was intended to be covered.

31. Benjamin is entitled to a declaration that Progressive owes a duty to defend him in the underlying action and, to the extent liability is established within the terms and limits of coverage, a duty to indemnify him.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim-Plaintiff Michael Bradley Benjamin respectfully requests that the Court:

A. Dismiss Progressive's request for a declaration of no coverage as to Benjamin;

12

B. Enter a declaratory judgment that Progressive had actual or constructive notice that the Vehicle was supposed to be added to and insured under policy number 963439874;

C. Award Benjamin his damages, costs, interest, and any fees recoverable under applicable law; and

D. Grant such other and further relief as the Court deems just and proper.

This the 31st day of March, 2026.

/s/ Brett E. Dressler
Brett E. Dressler
N.C. Bar No. 34516
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
704-377-5050
Email:  bdressler@sellersayers.com
*Attorney for*
*Michael Bradley Benjamin*

13

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true copy of the foregoing **ANSWER AND COUNTERCLAIM** was served with the Clerk of Court using the CM/ECF system, to the following:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC  27408
Email:  cdeboard@boviskyle.com
*Attorney for Plaintiff Progressive Southeastern Insurance Company*

Elizabeth Vennum
Hull & Chandler, P.A.
North Carolina
1009 East Boulevard
Charlotte, NC 28203
Email: lvennum@lawyercarolina.com
*Attorney for Charlotte Shotcrete Services, LLC*

Brian E. Thompson
Law Offices of Stefan R. Latorre, PA
2629 Central Avenue
Charlotte, NC  28205
Email:brian@thompsonpersonalinjury.com
*Attorney for Estate of Karina Elizabth Ramirez*

This the 31st day of March, 2026.

<u>/s/ Brett E. Dressler</u>
Brett E. Dressler
*Attorney for Michael Bradley Benjamin*

14