# IN THE UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:25-CV-913

PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,

      Plaintiff,

vs.

CHARLOTTE SHOTCRETE SERVICES, LLC, MICHAEL BRADLEY BENJAMIN AND ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ,

      Defendants.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true copy of the foregoing **MICHAEL BENJAMIN'S MOTION TO COMPEL NON-PARTY ALLY FINANCIAL INC.'s COMPLIANCE WITH RULE 45 SUBPOENA** as served to the following via email and US MAIL as follows:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC  27408
Email:  cdeboard@boviskyle.com
*Attorney for Plaintiff Progressive Southeastern Insurance Company*

Brian E. Thompson
Law Offices of Stefan R. Latorre, PA
2629 Central Avenue
Charlotte, NC  28205
Email:brian@thompsonpersonalinjury.com
*Attorney for Estate of Karina Elizabth Ramirez*

Elizabeth Vennum
Hull & Chandler, P.A.
North Carolina
1009 East Boulevard
Charlotte, NC 28203
Email: lvennum@lawyercarolina.com
*Attorney for Charlotte Shotcrete Services, LLC*

Ally Financial Inc.
CT Corporation System, Registered Agent
160 Mine Lake Ct, Ste. 200
Raleigh, NC  27615

Respectfully submitted, this 31st day of March, 2026.

s/ Brett E. Dressler
Brett E. Dressler
N.C. Bar No. 34516
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
704-377-5050
Email: bdressler@sellersayers.com
*Attorney for*
*Michael Bradley Benjamin*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:25-CV-913

|  |  |
|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLOTTE SHOTCRETE SERVICES, LLC, MICHAEL BRADLEY BENJAMIN AND ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ, <br><br> Defendants. | **MICHAEL BENJAMIN'S MOTION TO COMPEL NON-PARTY ALLY FINANCIAL INC.'s COMPLIANCE WITH RULE 45 SUBPOENA** |

NOW COMES Defendant Michael Bradley Benjamin ("Benjamin"), by and through undersigned counsel, and moves this Court for an Order compelling non-party Ally Financial Inc. ("Ally") to comply with the Subpoena to Produce Documents, Information, or Objects served in this action. In support, Benjamin shows the Court as follows:

1. This is a declaratory-judgment action concerning insurance coverage issues arising from a July 2024 motor vehicle accident involving a 2022 Ram 3500 identified as VIN 3C63RRJL5NG415048 (the "Vehicle").

2. On February 12, 2026, with consent of all parties, counsel for Benjamin issued a Rule 45 subpoena directed to Ally Financial Inc., c/o CT Corporation System,

Registered Agent, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417. (See Exhibit 1).

3. The subpoena commanded Ally to produce documents on February 27, 2026, at 10:00 a.m. at Sellers Ayers Dortch & Lyons, P.A., 301 S. McDowell Street, Suite 410, Charlotte, North Carolina 28204.

4. The subpoena sought documents directly relevant to the claims and defenses in this action, including Ally's loan/collateral file for the Vehicle, insurance requirements and tracking records, proof-of-insurance records, lender-placed insurance records, and communications with the borrower, dealer, insurer, agent, and vendors concerning insurance coverage, VIN scheduling, and loss payee status.

5. The subpoena and cover letter were sent to Ally's registered agent by certified mail on February 12, 2026. (See Exhibit 2).

6. USPS tracking reflects that the subpoena package was delivered on February 18, 2026, at 11:55 a.m. in Raleigh, North Carolina and was left with an individual. (See Exhibit 3).

7. Benjamin also served notice of the subpoena on counsel of record in this action.

8. The February 27, 2026 compliance date has passed. Ally has not produced documents, served written objections, requested an extension, or otherwise responded to the subpoena.

9. Ally's records are highly relevant. The dealership's insurance acknowledgment for the Vehicle identified Progressive policy number 963439874 and named

Ally Financial as loss payee, making Ally's loan and insurance-monitoring records directly probative of whether the Vehicle was reported, tracked, verified, scheduled, or treated as insured.

10. Benjamin has no adequate alternative source for the complete set of Ally's insurance-tracking, proof-of-insurance, and lender communications concerning the Vehicle.

WHEREFORE, Benjamin respectfully requests that the Court enter an Order:

    a. compelling Ally to produce all documents responsive to the February 12, 2026 subpoena within 14 days of the Court's Order;

    b. requiring Ally, to the extent it withholds any responsive material, to serve a privilege log within the same period;

    c. requiring Ally to identify the custodian(s), system(s), and vendor(s) searched in responding to the subpoena;

    d. awarding Benjamin the reasonable expenses incurred in bringing this motion, including attorneys' fees, to the extent the Court deems such relief appropriate; and

    e. granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this 31st day of March, 2026.

.
                    s/ Brett E. Dressler
                    Brett E. Dressler
                    N.C. Bar No. 34516
                    301 S. McDowell Street, Suite 410
                    Charlotte, NC 28204
                    704-377-5050

Email: [bdressler@sellersayers.com](mailto:bdressler@sellersayers.com)
*Attorney for*
*Michael Bradley Benjamin*

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

The undersigned hereby certifies that a true copy of the foregoing **MICHAEL BENJAMIN'S MOTION TO COMPEL NON-PARTY ALLY FINANCIAL INC.'s COMPLIANCE WITH RULE 45 SUBPOENA** was served with the Clerk of Court using the CM/ECF system, to the following:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC  27408
Email:  cdeboard@boviskyle.com
*Attorney for Plaintiff Progressive Southeastern Insurance Company*

Elizabeth Vennum
Hull & Chandler, P.A.
North Carolina
1009 East Boulevard
Charlotte, NC 28203
Email: lvennum@lawyercarolina.com
*Attorney for Charlotte Shotcrete Services, LLC*

Brian E. Thompson
Law Offices of Stefan R. Latorre, PA
2629 Central Avenue
Charlotte, NC  28205
Email:brian@thompsonpersonalinjury.com
*Attorney for Estate of Karina Elizabth Ramirez*

This the 31st day of March, 2026.

/s/ Brett E. Dressler
Brett E. Dressler
*Attorney for Michael Bradley Benjamin*

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

| | |
|---|---|
| Progressive Southeeastern Insurance Company | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:25-cv-913 |
| Charlotte Shotcrete Serviceds, LLC, Michael Bradley Benjamin and Roxana Elizabeth Gomez, Administrator | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Ally Financial Inc., CT Corporation System, Registered Agent
                160 Mine Lake Court, Ste 200, Raliegh, NC 27615-6417

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    PLEASE SEE EXHIBIT A ATTACHED.

| Place: Sellers Ayers Dortch & Lyons, PA<br>301 S. McDowell Street, Ste. 410<br>Charlotte, NC 28204 | Date and Time:<br><br>02/27/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/12/2026

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Michael Benjamin
_____ , who issues or requests this subpoena, are:

Brett Dressler - Sellers Ayers Dortch & Lyons PA

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-cv-913

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____ 02/12/2026 _____

_____
*Server's signature*

**Brett Dressler - Attorney**
_____
*Printed name and title*
Sellers Ayers Dortch & Lyons, PA
301 S. McDowell Street, Ste. 410
Charlotte, NC 28204
704-377-5050/ bdressler@sellersayers.com
_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## I. Definitions

1. "You," "Your," "Ally," or "Ally Financial" means Ally Financial Inc. and any predecessors, successors, parents, subsidiaries, affiliates, divisions, agents, contractors, servicers, insurance-tracking vendors, and any other persons or entities acting on Ally's behalf.

2. "Borrower" means Charlotte Shotcrete Services, LLC and any co-obligor, guarantor, authorized user, or person who communicated with Ally concerning the account or collateral.

3. "Vehicle" means the 2022 Ram 3500 identified in the declaratory judgment pleadings as VIN 3C63RRJL5NG415048.

4. "Accident" means the July 2024 motor vehicle accident referenced in the pleadings (the Complaint references July 26, 2024 in the "Nature of the Action," and the underlying/vehicle allegations reference July 16, 2024).

5. "Progressive Policy" means Progressive commercial auto policy no. 963439874 issued to Charlotte Shotcrete Services, LLC, alleged to have an effective period November 16, 2023 to November 3, 2024.

6. "Finance Contract" means any retail installment sale contract, promissory note, security agreement, retail purchase agreement, and any assignment, addendum, gap product, or modification relating to the Vehicle.

7. "Document(s)" is used in the broadest sense and includes ESI (emails, texts, chat messages, call recordings, call logs), databases, servicing notes, screenshots, imaged documents, and all attachments.

8. "Communication(s)" includes all written, electronic, or oral communications, including notes or memorialization of calls.

## II. Instructions for Production

1. Time period: Produce documents from November 1, 2022 through the present, unless otherwise limited in a specific request.

2. Format / ESI:

- o Produce ESI in native format where feasible (including spreadsheets as .xlsx/.csv), with metadata intact (custodian, author, created/modified dates, sent/received dates, recipients, and attachment relationships).

- o For emails, produce as .pst, .mbox, or equivalent with attachments preserved, or in TIFF/PDF with load files if that is Ally's standard litigation format.

- o For call recordings, produce recordings in native audio format and associated logs/metadata.

3. Completeness: If any document is withheld, provide a privilege log sufficient to identify the document, date, author, recipients, general subject matter, and privilege asserted.

4. Identification of systems/vendors: If responsive information is maintained by an insurance tracking vendor or subservicer, produce those vendor records and identify the vendor(s) and system(s) used.

## III. Documents to Be Produced

## A. Account/Loan/Collateral File (the "loan jacket")

1. The complete Finance Contract file for the Vehicle, including:

   - o the contract/note/security agreement and all addenda,

   - o the complete assignment/transfer history (dealer to Ally and any subsequent transfers),

   - o any title applications, lien recordings, and lien releases.

2. Complete payment history, transaction ledger, and account statements.

3. Complete servicing history/notes, including internal remarks, account collection notes, and activity logs reflecting interactions with Borrower or any third parties.

4. All default, delinquency, acceleration, cure, and demand notices, and supporting documentation reflecting the basis for any declared default.

## B. Insurance requirements, monitoring, and lapse tracking

5. All documents describing Ally's insurance requirements applicable to the Vehicle/loan (required coverages, limits, deductible caps, loss payee

requirements, effective date requirements, and proof-of-insurance requirements).

6. All documents sufficient to show Ally's insurance verification/monitoring activity for the Vehicle/loan, including:

   o proof-of-insurance tracking logs,

   o insurance status history (active/inactive/lapse dates),

   o "lapse," "pending cancellation," "cancellation," "nonrenewal," or "reinstatement" flags,

   o any alerts/tickets/diary entries generated by insurance status events.

7. All documents reflecting what proof of insurance Ally received (or did not receive) for the Vehicle/loan, including ACORD forms, declarations pages, ID cards, binder confirmations, certificates, and any lender notices received from insurers/agents.

8. All documents concerning any discrepancy between (a) policy information provided at origination and (b) later policy information, including any mismatch regarding VIN scheduling, policy periods, or coverage types.

## C. Force-placed / lender-placed coverage (CPI) and related charges

9. All documents regarding any force-placed insurance / collateral protection insurance (CPI) considered or placed for the Vehicle/loan, including:

   o CPI policy/binder/declarations,

   o start/stop dates,

   o premium calculations,

   o notices to Borrower about CPI placement/termination,

   o all CPI-related charges assessed to the account and the basis for each charge.

10. All documents reflecting Ally's decision-making regarding whether to place CPI, decline to place CPI, or terminate CPI, including guidelines, thresholds, and approvals.

## D. Communications about insurance (Borrower, dealer, insurer, agent, vendor)

11. All communications (including emails, texts, letters, portal messages, call recordings or summaries) between Ally and:

- Borrower (and/or its representatives),

- the selling dealer,

- any insurer or insurance agent/broker,

- any insurance tracking vendor,
  concerning insurance procurement, proof of coverage, loss payee status, cancellation/nonrenewal, reinstatement, or VIN/vehicle scheduling.

12. All communications with Progressive (or any insurer) concerning the Progressive Policy identified in the pleadings.

13. All communications referencing the Vehicle's VIN 3C63RRJL5NG415048 or any dispute regarding whether the Vehicle was covered/scheduled.

## F. Repossession, recovery, title, and disposition (if applicable)

16. All documents concerning any repossession/recovery efforts, including:

- repossession order(s),

- skip/locate activity,

- condition reports,

- storage, auction, or disposition records,

- title transfer documents,

- deficiency calculations.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing SUBPOENA was served to the following via email:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Email: cdeboard@boviskyle.com
*Attorney for Plaintiff Progressive Southeastern Insurance Company*

Elizabeth Vennum
Hull & Chandler, P.A.
North Carolina
1009 East Boulevard
Charlotte, NC 28203
Email: lvennum@lawyercarolina.com
*Attorney for Charlotte Shotcrete Services, LLC*

Steven B. Fox
Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC
101 South Elm Street, Ste. 350
Greensboro, NC 27401
Email: sbf@trslaw.com
*Attorney for Unnamed Defendant Allstate Property & Casualty Insurance Company*

Brian E. Thompson
Law Offices of Stefan R. Latorre, PA
2629 Central Avenue
Charlotte, NC 28205
Email:brian@thompsonpersonalinjury.com
*Attorney for Estate of Karina Elizabth Ramirez*

This the 12th day of February, 2026.

/s/ Brett E. Dressler
Brett E. Dressler
*Attorney for Michael Bradley Benjamin*

# SELLERS AYERS DORTCH & LYONS, P.A.

ATTORNEYS AT LAW
301 MIDTOWN, SUITE 410
301 SOUTH McDOWELL STREET
CHARLOTTE, NORTH CAROLINA  28204-2686

CHRISTIAN R. AYERS*
JOHN F. AYERS III
ROBERT C. DORTCH, JR.
BRETT E. DRESSLER ††*‡
MICHELLE MASSINGALE DRESSLER**‡
ELLIOT M. ENGSTROM*
CYNTHIA A. JONES*
STEPHEN C. SELLERS *
ROBERT A. WHITLOW †

_____

TIMOTHY G. SELLERS  (Retired 2023)

TELEPHONE
(704) 377-5050

FACSIMILE
(704) 339-0172

&ast; Also Admitted in South Carolina
&ast;&ast; Also Admitted in West Virginia
† Also Admitted in Georgia
†† Also Admitted in Texas
‡ Certified Mediator

_____

CHARLES E. LYONS II  (1960-2016)

February 12, 2026

**CERTIFIED MAIL RETURN RECEIPT**
**REQUESTED # 9314 8699 0430 0145 9360 91**
Ally Financial Inc.
CT Corporation System, Registered Agent
160 Mine Lake Court, Ste. 200
Raleigh, NC 27615-6417

  Re: Progressive Southeastern Insurance Company v. Charlotte Shotcrete
    Services, LLC, et al. (3:25-cv-913)

Dear Sir or Madam:

  Please find enclosed a Subpoena with regards to the above-referenced matter.
You may produce the documents requested electronically to
bdressler@sellersayers.com if you prefer.

  If you have any questions, please do not hesitate to contact me.  Thank you in
advance for your assistance.

         Sincerely,

         Brett Dressler

/kg
Enclosure

KG
Sellers Ayers Dortch & Lyons, PA
301 S McDowell St Ste 410
Charlotte, NC 28204



**9314 8699 0430 0145 9360 91**

RETURN RECEIPT (ELECTRONIC)

Ally Financial Inc.
CT Corporation System, Registered Agent
160 Mine Lake Court, Ste. 200
Raleigh, NC 27615-6417

Reference Number: 33801.0001


**UNITED STATES POSTAL SERVICE**

February 19, 2026

Dear Covius Document Services:

The following is in response to your request for proof of delivery on your item with the tracking number: **9314 8699 0430 0145 9360 91**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | February 18, 2026, 11:55 a.m. |
| **Location:** | RALEIGH, NC 27615 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Ally Financial Inc  CT Corporation System  Regis |

## Destination Delivery Address

| | |
|---|---|
| **Street Address:** | 160 MINE LAKE CT STE 200 |
| **City, State ZIP Code:** | RALEIGH, NC 27615-6417 |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | M Ayala M Ayala |
| Address of Recipient: | 160 Mine lake ct |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

---

Information in this section provided by Covius Document Services, LLC.

**Reference Number:** 33801.0001