IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:25-cv-913

| | |
|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHARLOTTE SHOTCRETE SERVICES, L.L.C., MICHAEL BRADLEY BENJAMIN and ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ, <br><br> Defendants. | **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF MICHAEL BRADLEY BENJAMIN** |

**COMES NOW**, Plaintiff Progressive Southeastern Insurance Company ("Progressive"), by and through its undersigned counsel, and responds to Michael Benjamin's Counterclaim and avers as follows:

1. The allegations contained in paragraph 1 of the Counterclaim are admitted upon information and belief.

2. The allegations contained in paragraph 2 of the Counterclaim are admitted.

3. The allegations contained in paragraph 3 of the Counterclaim are admitted.

4. The allegations contained in paragraph 4 of the Counterclaim are admitted.

5. The allegations contained in paragraph 5 of the Counterclaim are admitted.

## FACTUAL ALLEGATIONS

6.    As to the allegations contained in paragraph 6 of the Counterclaim, it is admitted Progressive filed an Action, which is a written complaint that speaks for itself. Except as herein admitted, the allegations contained in paragraph 6 of the Counterclaim are denied.

7.    The allegations contained in paragraph 7 of the Counterclaim are admitted.

8.    The allegations contained in paragraph 8 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 8 of the Counterclaim are denied.

9.    As to the allegations contained in paragraph 9 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 9 of the Counterclaim are denied.

10.    As to the allegations contained in paragraph 10 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 10 of the Counterclaim are denied.

11.    As to the allegations contained in paragraph 11 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 11 of the Counterclaim are denied.

2

12. As to the allegations contained in paragraph 12 of the Counterclaim, it is admitted a policy of insurance under policy number 963439874 was issued to Charlotte Shotcrete by Progressive ("Policy"), which is a written document that speaks for itself. Except as herein admitted, Progressive lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 12 of the Counterclaim are denied.

13. As to the allegations contained in paragraph 13 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 13 of the Counterclaim are denied.

14. As to the allegations contained in paragraph 14 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 14 of the Counterclaim are denied.

15. As to the allegations contained in paragraph 15 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 15 of the Counterclaim are denied.

16. As to the allegations contained in paragraph 16 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth

of the matters contained therein and therefore the allegations contained in paragraph 16 of the Counterclaim are denied.

17. The allegations contained in paragraph 17 of the Counterclaim are denied.

18. As to the allegations contained in paragraph 18 of the Counterclaim, it is admitted the Vehicle (as referenced in the Counterclaim) was not listed on the Progressive Policy. Except as herein admitted, the allegations contained in paragraph 18 of the Complaint are denied.

19. As to the allegations contained in paragraph 19 of the Counterclaim, this answering defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 19 of the Counterclaim are denied.

20. As to the allegations contained in paragraph 20 of the Counterclaim, it is admitted the Vehicle (as referenced in the Counterclaim) was not listed on the Progressive Policy. Except as herein admitted, the allegations contained in paragraph 20 of the Complaint are denied.

21. As to the allegations contained in paragraph 21 of the Counterclaim, it is admitted the Vehicle (as referenced in the Counterclaim) was not at any point listed on the Progressive Policy. Except as herein admitted, the allegations contained in paragraph 21 of the Complaint are denied.

22. As to the allegations contained in paragraph 22 of the Counterclaim, it is admitted a complaint for wrongful death was filed in state court regarding Benjamin's use of the Vehicle, which is a written document that speaks for

4

itself. Except as herein admitted, the allegations contained in paragraph 22 of the Counterclaim are denied.

23. The allegations contained in paragraph 23 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 23 of the Counterclaim are denied.

24. The allegations contained in paragraph 23 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is required, it is admitted a justiciable controversy exists as to whether coverage of the Policy applies to the underlying liability action. Except as herein admitted, the allegations contained in paragraph 24 of the Counterclaim are denied.

## **FIRST COUNTERCLAIM**

### **(Declaratory Judgment-Coverage/Notice)**

25. Progressive repeats, realleges, and incorporates herein by reference its responses to paragraphs 1 through 24 of the Counterclaim with like effect as if fully set forth herein.

26. As to the allegations contained in paragraph 26 of the Counterclaim, it is admitted Progressive filed the underlying action in the form of a Complaint, which is a written document that speaks for itself. Except as herein admitted, the allegations contained in paragraph 26 of the Counterclaim are denied.

27. As to the allegations contained in paragraph 27 of the Counterclaim, it is admitted, Benjamin filed the underlying counterclaim in this action, which is a written document that speaks for itself. Except as herein admitted, the allegations contained in paragraph 27 of the Counterclaim are denied.

28. The allegations contained in paragraph 28 of the Counterclaim are denied.

29. The allegations contained in paragraph 29 of the Counterclaim are denied.

30. The allegations contained in paragraph 30 of the Counterclaim are denied.

31. The allegations contained in paragraph 31 of the Counterclaim are denied.

**FIRST DEFENSE**

The rights, liabilities and obligations of the insurer that issued the Policy are defined and controlled by the terms and provisions of the Policy, including but not limited to any and all applicable policy definitions, conditions, exclusions, limitations and endorsements, which do not provide coverage to the Plaintiff for the claims asserted herein.

**SECOND DEFENSE**

Benjamin's claims may be barred by their failure to perform all of their duties, obligations or conditions precedent under the terms and conditions of the Policy.

**THIRD DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim against Progressive upon which relief can be granted.

## FOURTH DEFENSE

Progressive specifically reserves and preserves the right to add further and additional affirmative defenses as additional investigation and/or discovery may warrant.

WHEREFORE, Progressive requests that the Court grant the following relief:

1. The Court enter an order or judgment declaring that Progressive has no duty or obligation under the Policy to make any payment to or on behalf of Defendants;

2. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to defend Michael Bradley Benjamin in the Underlying Lawsuit.

3. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to defend Charlotte Shotcrete Services, LLC in the Underlying Lawsuit.

4. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to indemnify Michael Bradley Benjamin in the Underlying Lawsuit;

5. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to indemnify Charlotte Shotcrete Services, LLC arising from allegations in the Underlying Lawsuit;

6. A trial by jury on all issues of fact contained herein, if applicable;

7. The costs of this action be taxed against Defendants, and

8. The Court provide Progressive such other and further relief as the Court deems just and proper.

7

This the 21st day of April, 2026.

BOVIS, KYLE, BURCH & MEDLIN, LLC

/s/Camilla F. DeBoard
Camilla F. DeBoard
N.C. State Bar No. 41265
804 Green Valley Rd., Suite 101
Greensboro, NC  27408
Email: cdeboard@boviskyle.com
Telephone: (336) 907-3265
Facsimile: (336) 907-4178
*Attorney for Plaintiff*

## Demand for Jury Trial

Plaintiff Progressive Southeastern Insurance Company hereby demands a trial by jury on all issues raised by the pleadings in this case.

/s/Camilla F. DeBoard
Camilla F. DeBoard
*Attorney for Plaintiff*

8

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Answer to Counterclaim of Michael Benjamin** was served upon the parties to this action filing the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Elizabeth Vennum
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
lvennum@lawyercarolina.com
*Attorney for Defendant Charlotte Shotcrete Services, LLC*

Brian E. Thompson
Thompson Law Firm
301 N. Main Street, Suite 2449
Winston-Salem, NC 27101
Brian@thompsonpersonalinjury.com
*Attorney for Defendant Roxana Gomez, Admin of the Estate of Karina Ramirez*

Brett E. Dressler
Sellers, Ayers, Dortch & Lyons, PA
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
bdressler@sellersayers.com
*Attorney for Michael Bradley Benjamin*

This the 21st day of April, 2026.

BOVIS, KYLE, BURCH & MEDLIN, LLC

/s/Camilla F. DeBoard
Camilla F. DeBoard
N.C. State Bar No. 41265
804 Green Valley Rd., Suite 101
Greensboro, NC  27408
Email: cdeboard@boviskyle.com
Telephone: (336) 907-3265
Facsimile: (336) 907-4178
*Attorney for Plaintiff*