## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## Civil Action No. 3:25-cv-913

| | |
|---|---|
| Progressive Southeastern Insurance Company,<br><br><br>Plaintiff,<br><br>v.<br><br>Charlotte Shotcrete Services, LLC, Michael Bradley Benjamin, and Roxana Elizabeth Gomez, Administration of the Estate of Karina Elizabeth Ramirez,<br><br><br>Defendants. | <u>**Amended Affirmative Defenses, Answer, and Counterclaim of Defendant Charlotte Shotcrete Services, LLC**</u> |

NOW COMES the Defendant Charlotte Shotcrete Services, LLC, with the written consent of Plaintiff pursuant to Rule 15(a)(2) and amends its Affirmative Defenses, Answer, and adds Counterclaims to its Answer as follows:

## <u>Affirmative Defenses</u>

### <u>First Affirmative Defense</u>
### Failure to State a Claim Under Rule 12(b)(6)

Plaintiff's Complaint fails to state a claim upon which relief can be

Case 3:25-cv-00913-MEO-DCK    Document 28    Filed 06/02/26    Page 1 of 42

granted.

## Second Affirmative Defense
## Policy Ambiguity Must Be Construed Against the Insurer

To the extent the insurance policy language is ambiguous, it must be construed against the insurer and in favor of coverage.

## Third Affirmative Defense
## Policy Must Be Interpreted to Provide Coverage Where Reasonably Possible

North Carolina courts interpret insurance policies to provide coverage when reasonably possible, and strictly construe policy exclusions.

## Fourth Affirmative Defense
## Waiver

To the extent permitted by law, Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Fifth Affirmative Defense
## Equitable Estoppel
## Failure to Reject or Communicate Non-Coverage

To the extent Progressive contends the Dodge Ram was not added to the Policy, Progressive failed to timely notify Charlotte Shotcrete of any rejection,

non-acceptance, processing issue, or failure to add the Dodge Ram, despite having notice that Charlotte Shotcrete intended the Dodge Ram to be covered. Charlotte Shotcrete reasonably relied on the absence of any such notice and believed the Dodge Ram was insured under the Policy. Charlotte Shotcrete and/or others acting on the insured's behalf reasonably relied on Progressive's conduct, omissions, silence, or representations, including conduct by Latorre, the dealership, Ally, or others whose knowledge or actions may be imputed to Progressive. Progressive is therefore estopped, to the extent permitted by North Carolina law, from relying solely on the Dodge Ram's absence from the declarations page to deny coverage.

### Sixth Affirmative Defense
### Declaratory Relief Regarding Indemnity Is Premature

Progressive's request for declaratory relief regarding any duty to indemnify is premature. Liability, and the factual basis for any liability, have not yet been determined in the underlying wrongful death action. Accordingly, to the extent Progressive seeks a declaration that it owes no duty to indemnify Charlotte Shotcrete before resolution of the underlying action, that request is not ripe and should be dismissed or stayed pending resolution of the underlying litigation.

## Seventh Affirmative Defense
## Lack of Justiciable Controversy

Plaintiff's claims are barred to the extent they seek declaratory relief regarding issues that are not yet ripe or depend on unresolved facts in the underlying litigation.

## Eighth Affirmative Defense
## Duty to Defend

The allegations in the underlying action potentially fall within the coverage afforded by the Policy. Under North Carolina law, an insurer has a duty to defend when the allegations of the complaint are even arguably covered by the policy. Accordingly, Plaintiff owes a duty to defend Defendant in the underlying action, and Plaintiff's claim for declaratory relief fails to the extent it seeks a declaration to the contrary.

## Ninth Affirmative Defense
## Discretionary Jurisdiction under the Declaratory Judgment Act

To the extent Plaintiff seeks declarations regarding insurance coverage issues that overlap with or depend upon facts being litigated in the underlying action, the Court should decline to exercise jurisdiction or stay this action.

## Tenth Affirmative Defense
## Declaratory Relief Would Require Improper Fact Determinations

Plaintiff's request for declaratory relief is improper to the extent it would require this Court to resolve factual issues that are central to the underlying tort litigation. To the extent Plaintiff's claims depend upon such factual determinations, declaratory relief is inappropriate or premature.

## Eleventh Affirmative Defense
## Reformation / Mutual Mistake

The Policy should be reformed to include the 2022 Dodge Ram, VIN 3C63RRJL5NG415048, as an insured vehicle. When Charlotte Shotcrete purchased and financed the Dodge Ram, the dealership prepared an Insurance Coverage Acknowledgement identifying the Dodge Ram, Progressive as the insurer, policy number 963439874, Latorre Insurance as the agent, and Ally Financial as the loss payee. Charlotte Shotcrete also authorized the dealership to verify coverage with Progressive. To the extent the Dodge Ram was omitted from the declarations page or vehicle schedule, that omission resulted from mistake, clerical error, processing error, or transmission error, not from any intent by Charlotte Shotcrete to leave the Dodge Ram uninsured. Progressive therefore is not entitled to rely on that omission to obtain a declaration of no coverage, and the Policy should be reformed, to the extent permitted by North Carolina law, to reflect that the Dodge Ram was covered.

**Twelfth Affirmative Defense**
**Agency/Imputed Notice**

On information and belief, Latorre Insurance acted within the scope of its authority in procuring, transmitting, servicing, renewing, and/or maintaining Progressive policy number 963439874.  Notice provided to Latorre Insurance regarding the Dodge Ram, including its VIN, financing information, intended insurer, and intended coverage under Progressive policy number 963439874, is properly imputed to Progressive.

**Thirteenth Affirmative Defense**
**Actual and Constructive Notice**

On information and belief, Progressive, directly or through its agents, vendors, underwriting systems, intake systems, renewal systems, policy service channels, dealership communications, or lender/loss-payee communications, received actual notice, inquiry notice, or constructive notice that the Dodge Ram was intended to be associated with and insured under Progressive policy number 963439874.

**Fourteenth Affirmative Defense**
**Ratification/ Acceptance of Benefits**

On information and belief, Progressive accepted premiums, renewed and/or continued policy number 963439874, and retained the benefits of the

insurance transaction while having actual or constructive notice that the Dodge Ram was intended to be insured under the policy. By such conduct, Progressive ratified the intended coverage arrangement and/or waived the right to deny the effect of the Dodge Ram's intended inclusion, to the extent permitted by North Carolina law.

## Fifteenth Affirmative Defense
### Waiver

To the extent Progressive relies on any policy condition, reporting requirement, notice requirement, scheduling procedure, or other forfeiture-type provision, Progressive waived strict compliance with that provision by its acts, omissions conduct, acceptance of premiums, failure to reject the Dodge Ram after notice, and/or failure to act after learning facts inconsistent with its current denial position.

## Sixteenth Affirmative Defense
### Unclean Hands

Progressive's claims are barred, in whole or in part, by the doctrine of unclean hands. Progressive seeks equitable declaratory relief in the form of a declaration that it owes no duty to defend or indemnify, while coming to this Court having received, through Latorre and through the ordinary channels of

insurance placement and loss payee monitoring, actual or constructive notice that the Dodge Ram was intended to be added to policy number 963439874. Despite that notice, Progressive took no action to add the Dodge Ram, provided no notice to Charlotte Shotcrete that the Dodge Ram had not been scheduled, continued to collect premiums, and renewed the Policy. Progressive now seeks to benefit from the very omission that resulted from its own agent's processing failure and its own silence. A court of equity should not grant declaratory relief to a party that seeks to profit from an outcome caused by its own conduct or the conduct of its agent.

### <u>Seventeenth Affirmative Defense</u>
### Policy Ambiguity Must be Construed Against the Insurer

To the extent the insurance policy language is ambiguous, any such ambiguity must be construed against the insurer and in favor of coverage for Charlotte Shotcrete under North Carolina law.

### <u>Eighteenth Affirmative Defense</u>
### Policy Must Be Interpreted to Provide Coverage where Reasonably Possible

The Policy must be construed to provide coverage where reasonably possible, with any exclusions construed against Progressive. To the extent the Policy can reasonably be read to cover the Dodge Ram, including under the

"insured auto" provisions for vehicles owned and used in Charlotte Shotcrete's business, that interpretation should control. Progressive's contrary reading would leave a company-owned, business-use vehicle uninsured based on an administrative omission, which is not a reasonable interpretation of the Policy.

## Reservation of Additional Defenses

Defendant reserves the right to assert additional defenses as they become known through discovery.

## Answer to Complaint

## Nature of the Action

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Progressive and the Defendants, i.e., whether Progressive owes insurance coverage obligations, including, without limitation, the obligations to defend or indemnify the Defendants with respect to the underlying claims of Roxanna Elizabeth Gomez against Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC, related to a July 26, 2024 motor vehicle accident.

**Defendant admits that Plaintiff purports to bring this action for declaratory judgment regarding insurance coverage. Except as expressly admitted, the allegations in this paragraph are denied.**

## Parties

2.      Progressive Southeastern Insurance Company ("Progressive") is an Indiana domiciled property a casualty company with a principal place of business in Carmel, Indiana.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

3.      Charlotte Shotcrete Services, LLC ("Charlotte Shotcrete") is a limited liability company organized under the laws of the State of North Carolina with its principal place of business located in Mecklenburg County.

**Admitted.**

4.  Michael Bradley Benjamin is a resident of Mecklenburg County, North Carolina.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and thus denies the same.**

5.  Roxana Elizabeth Gomez, Administrator of the Estate of Karina Elizabeth Ramirez, is a resident of Mecklenburg County, North Carolina.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

### Jurisdiction and Venue

6.  This declaratory judgment action involves Progressive's rights and duties pursuant to the Commercial Auto insurance policy issued to Charlotte Shotcrete issued in North Carolina.

**Defendant admits that Plaintiff alleges claims concerning a commercial auto insurance policy issued to Defendant. Except as expressly admitted, the allegations in this paragraph are denied.**

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because one of the parties is located in this District, and a substantial part of the events giving rise to Progressive's declaratory judgment claim took place in this District.

**Defendant does not contest venue but denies the remaining allegations to the extent they characterize Plaintiff's claims.**

8. Defendant Charlotte Shotcrete resides in the Charlotte Division of the Western District of North Carolina and is subject to personal jurisdiction and venue in this Court.

**Admitted.**

9. Defendant Charlotte Shotcrete is subject to personal jurisdiction and venue in this Court.

**Admitted on information and belief.**

10. Defendant Michael Bradley Benjamin is subject to personal jurisdiction and venue in this Court.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this**

**paragraph, and thus denies the same.**

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

12.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

13.     This Court also has jurisdiction under 28 U.S.C. § 2201, in that Progressive is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Progressive.

**Admitted on information and belief.**

<h3 align="center">Factual Allegations</h3>

<h3 align="center">The Policy</h3>

14. Progressive issued a commercial auto insurance policy to Charlotte Shotcrete Services, LLC, policy number 963439874 with a policy effective date from November 16, 2023, to November 3, 2024, (hereinafter the "Policy.")

**Defendant admits that Progressive issued a commercial auto insurance policy to Charlotte Shotcrete Services, LLC, with a policy effective date of November 16, 2023. Except as expressly admitted herein, all other allegations in this paragraph are denied.**

15. The Policy included Part I - Liability to Others coverage. A true and accurate copy of the policy is attached hereto as Exhibit A.

**Defendant admits that the policy included Part I – Liability to Others. Except as expressly admitted herein, all other allegations in this paragraph are denied.**

16. On the Declarations page, the Policy listed the Rated Drivers as follows:

## Rated drivers

1. Francisco Serna
2. Xavier Gonzalez
3. Chase Mcelroy

**Defendant admits that Paragraph 16 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

17. In the insurance application, Charlotte Shotcrete Services, LLC gave the following representations:

**Rated drivers**

The insured declares that no persons other than those listed in this application are expected to operate, even occasionally, the vehicle(s) described in this application.

| Name | Date of birth | Driver's license number | State | Points | Additional information | CDL | Original year CDL issued |
|---|---|---|---|---|---|---|---|
| Francisco Serna | 01/27/1975 | ********6862 | NC | 0 | | N | |
| Xavier Gonzalez | 10/25/1993 | ********8901 | NC | 0 | | N | |
| Chase Mcelroy | 06/30/1998 | ********1845 | NC | 0 | | N | |

**Defendant admits that Paragraph 17 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

18. Michael Bradley Benjamin was not listed as a Rated Driver on the Declarations Page or on the application.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

19. The vehicles listed on the Declarations Page of the Policy as of July 16, 2024, were the following:

2022 Ram 5500 VIN: 3C7WRNFL9NG397485

2022 Ram 1500 Classic VIN: 3C6JR6DG8NG336820

2024 Ram 2500 3C7WR5HJXRG178116

**Defendant admits that the 3 vehicles identified in Paragraph 19 are reflected on page 67 of Exhibit A to the Complaint. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

20.	In Part I – Liability to Others, the Policy outlines the coverage as follows:

### PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT—LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**Defendant admits that Paragraph 20 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

21.    Under General Definitions, the Policy defines "insured auto" as

set forth below:

6.   "**Insured auto**" or "**your insured auto**" means:
   a.   Any **auto** specifically described on the **declarations page**; or
   b.   An additional **auto** for Part I—Liability To Others and/or Part II—Damage
        To Your Auto on the date **you** become the owner if:
        (i)   **you** acquire the **auto** during the policy period shown on the **declara-
              tions page**;

2

   (ii)   **we** insure all **autos** owned by **you** that are used in **your** business;
   (iii)  no other insurance policy provides coverage for that **auto**; and
   (iv)   **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to
          cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other chang-
es to this policy during the 30-day period after **you** acquire an additional
**auto**, these changes to **your** policy will not become effective until after
**you** ask **us** to add the coverage, increase **your** limits, or make such
changes for the additional **auto**. **We** may charge premium for the ad-
ditional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an
additionally acquired **auto** in accordance with this paragraph b., **we** will
provide the same coverage for such additional **auto** as **we** provide for
any **auto** shown on the **declarations page**.

**Defendant admits that Paragraph 21 purports to quote or depict
language from Exhibit A to the Complaint. Exhibit A speaks for itself.
To the extent Plaintiff characterizes or interprets the policy language,
those allegations are denied.**

22.    Under General Definitions, the Policy contains the following additional applicable definitions:

> 17. **"Temporary substitute auto"** means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

> 21. **"You", "your"** and **"yours"** refer to the named insured shown on the **declarations page.**

21. **"You", "your"** and **"yours"** refer to the named insured shown on the **declarations page.**

**Defendant admits that Paragraph 22 purports to quote or depict language from Exhibit A to the Complaint. Exhibit A speaks for itself. To the extent Plaintiff characterizes or interprets the policy language, those allegations are denied.**

### The 2022 Dodge Ram

23.    On July 16, 2024, Michael Bradley Benjamin was driving a 2022 Dodge Ram with VIN No. 3C63RRJL5NG415048 ("Dodge Ram"). The Dodge Ram was owned by Charlotte Shotcrete Servies, LLC.

**Defendant admits that Michael Bradley Benjamin was operating**

**a vehicle identified in the Complaint as a 2022 Dodge Ram on July 16, 2024. Defendant lacks sufficient knowledge to admit the remaining allegations in this paragraph and thus denies the same.**

24. According to the North Carolina Department of Motor Dodge Rams, the Dodge Ram was originally registered to Charlotte Shotcrete Services, LLC on December 8, 2022.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

25. Upon information and belief, the Dodge Ram was purchased by Charlotte Shotcrete Services, LLC on December 8, 2022.

**Admitted on information and belief.**

26. The Dodge Ram was owned by Charlotte Shotcrete Services, LLC prior to the subject July 16, 2024, motor vehicle accident.

**Admitted.**

27.    The Dodge Ram was not listed on the Progressive Policy issued to Charlotte Shotcrete Services, LLC as of July 16, 2024.

**Defendant admits that the Dodge Ram identified in the Complaint does not appear on the declarations page of the Policy as of July 16, 2024. Defendant denies that the absence of the vehicle from the declarations page determines whether the vehicle qualifies as an "insured auto" under the terms of the Policy.**

## The Underlying Lawsuit

28.    Roxanna Elizabeth Gomez is the appointed Administrator of the estate of Karina Elizabeth Gomez Ramirez. ("Administrator")

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

29.    Gomez filed a Complaint in the Superior Court of Mecklenburg County, North Carolina against Charlotte Shotcrete Services, LLC and Michael Bradley Benjamin on June 16, 2025, seeking damages for the alleged wrongful death of Karina Elizabeth Gomez Ramirez. ("Underlying Lawsuit").

A copy of the Complaint is attached hereto as Exhibit B.

**Defendant admits that a copy of a Complaint filed in the Superior Court of Mecklenburg County, North Carolina is attached as Exhibit B to the Complaint. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

30. Progressive was a named defendant in the Underlying Lawsuit but was dismissed on August 1, 2025. See Exhibit C.

**Defendant admits that a copy of a Voluntary Dismissal filed August 1, 2025 is attached as Exhibit C to the Complaint. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

31. The Underlying Lawsuit alleges that on July 16, 2024, Michael Bradley Benjamin was operating the Dodge Ram on US 21 in Huntersville, Mecklenburg County, North Carolina when he was involved in a multi-vehicle accident involving a vehicle operated by Karina Elizabeth Gomez Ramirez.

(Ex. B., ¶¶ 8-11).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

32. The Underlying Lawsuit alleges that Karina Elizabeth Gomez Ramirez died on July 16, 2024. (Ex. B., ¶13).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

33. The Underlying Lawsuit alleges that Michael Bradley Benjamin was negligent in the operation of the Dodge Ram and that his negligence was the proximate cause of the death of Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 8-13).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient**

knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.

34. The Underlying Lawsuit alleges that Michael Bradley Benjamin was operating the Dodge Ram with the permission of Charlotte Shotcrete Services, LLC and within the scope of his employment. (Ex. B., ¶¶ 16-20).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

35. The Underlying Lawsuit alleges that Charlotte Shotcrete Services, LLC is liable for the wrongful death of Karina Elizabeth Gomez Ramirez due to its negligent retention, training and supervision of Michael Bradley Benjamin. (Ex. B. ¶¶ 22-26).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

36. The Underlying Lawsuit alleges that Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC were grossly negligent in causing the death of Karina Elizabeth Gomez Ramirez. (Ex. B., ¶¶ 28-31).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

37. The Underlying Lawsuit alleges that Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC engaged in willful and wanton misconduct, gross negligence, and carelessness. (Ex. B., ¶33).

**Defendant responds that Exhibit B to the Complaint speaks for itself. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

38. The Administrator seeks compensatory damages for the wrongful death of Karina Elizabeth Gomez Ramirez including expenses for care, treatment and hospitalization incident to the injury resulting in death; pain and suffering of the decedent; funeral expenses of the decedent; lost: income,

services, protection, care and assistance of the decedent whether voluntary or obligatory, society, companionship, comfort, guidance, kindly offices and advice. (Ex. B., ¶35).

**Defendant responds that Exhibit B to the Complaint speaks for itself.  Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

39.     The Administrator seeks punitive damages from Michael Bradley Benjamin and Charlotte Shotcrete Services, LLC. (Ex. B., ¶33).

**Defendant responds that Exhibit B to the Complaint speaks for itself.  Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

## <u>First Claim for Relief-Declaratory Judgment</u>

40.     Progressive repeats, realleges, and incorporates herein by references paragraphs one through thirty-nine with like effect as if fully set forth herein.

Defendant realleges and reincorporates by reference all previous responses, answers, and defenses as if fully set forth herein.

41. The Dodge Ram is not an "insured auto" under the Policy's definition.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

42. The Dodge Ram is not a "temporary substitute auto" under the Policy's definition.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

43. The Policy does not provide coverage for the bodily injury claims asserted on behalf of Karina Elizabeth Gomez Ramirez because the Dodge Ram is not an "insured auto."

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

44. The Policy does not provide coverage for the bodily injury claims asserted on behalf of Karina Elizabeth Gomez Ramirez because the Dodge Ram is not a "temporary substitute auto."

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

45. The Policy does not provide coverage for the punitive damages sought by the Administrator in the Underlying Lawsuit.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

46. A real and justiciable controversy exists between the parties concerning whether the Policy provides coverage for allegations asserted in the Underlying Lawsuit.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

47. Progressive is entitled to a declaration that the Policy does not apply to any claims for loss regarding the Accident.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

48. Progressive seeks a judicial determination and declaration of the rights, status and other legal obligations under the terms of the Policy.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

49. A declaration from this Court is necessary and proper to resolve the uncertainty and resolve this controversy.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

50. Progressive relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

**Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and thus denies the same.**

## Counterclaims

### Parties, Jurisdiction, and Venue

1. On information and belief, Plaintiff Progressive Southeastern Insurance Company ("Progressive") is an Indiana domiciled property a casualty company with a principal place of business in Carmel, Indiana.

2. Defendant Charlotte Shotcrete Services, LLC is a North Carolina limited liability company with its principal place of business in Mecklenburg County, North Carolina.

3. On information and belief, Defendant Benjamin is a resident of Mecklenburg County, North Carolina.

4. On information and belief, Roxana Elizabeth Gomez, Administrator of the Estate of Karina Elizabeth Ramirez, is a resident of Mecklenburg County, North Carolina.

5. Defendant Charlotte Shotcrete resides in the Charlotte Division of the Western District of North Carolina and is subject to personal jurisdiction and venue in this Court.

6. Defendant Charlotte Shotcrete is subject to personal jurisdiction and venue in this Court.

7. Defendant Michael Bradley Benjamin is subject to personal jurisdiction and venue in this Court.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. This Court also has jurisdiction under 28 U.S.C. § 2201, in that Charlotte Shotcrete is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Progressive.

10. This Court also has subject-matter jurisdiction over this Counterclaim because it forms part of the same case or controversy and seeks declaratory and related relief concerning the same policy, same alleged insured risk, same accident, and same parties already before the Court in Progressive's initial Complaint.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391,

because one of the parties is located in this District, and a substantial part of the events giving rise to Progressive's declaratory judgment claim took place in this District.

### Factual Allegations

12. Progressive filed this action seeking a declaration that it owes no defense or indemnity in connection with a July 2024 motor vehicle accident involving a 2022 Dodge Ram with VIN No. 3C63RRJL5NG415048 (the "Dodge Ram").

13. The Dodge Ram was owned by Charlotte Shotcrete Services, LLC.

14. Progressive alleges that the Dodge Ram was not listed on Charlotte Shotcrete Services' Progressive vehicle insurance policy as of the date of loss.

15. Charlotte Shotcrete Services denies that Progressive is entitled to the declarations it seeks.

16. When the Dodge Ram was purchased in or around November 2022, in connection with the purchase and/or financing of the Dodge Ram, Steve White Dodge Chrysler Jeep Ram Fiat prepared an "Insurance Coverage Acknowledgement" identifying Charlotte Shotcrete Services LLC as the customer, the Dodge Ram as a 2022 Ram 3500 with VIN

3C63RRJL5NG415048, Progressive as the insurance company, policy number 963439874, Latorre Insurance as the agent, and Ally Financial as the named loss payee.

17. The Insurance Coverage Acknowledgement included the following language:

> I understand that the Retail Installment Sales Contract or Lease Contract ("Finance Contract") that I signed in connection with my purchase/lease of the above-described vehicle requires me to provide and maintain insurance on the vehicle against the risks of loss or damage…

18. The Insurance Coverage Acknowledgement also included the following language: "…I acknowledge that I have read this Insurance Coverage Acknowledgement and understand my obligation to maintain insurance coverage on the above-described vehicle. I further acknowledge and agree that I have given the Dealership permission to contact my Insurance Company to verify that I have insurance coverage for the vehicle."

19. Michael Benjamin signed the Insurance Coverage Acknowledgement on behalf of Charlotte Shotcrete Services.

20. An authorized representative of the dealership also signed the Insurance Coverage Acknowledgement.

21. On or about November 15, 2022, Latorre Insurance procured and/or processed Progressive commercial auto policy number 963439874 for

Charlotte Shotcrete Services, LLC, including the application, EFT authorization, and supporting materials transmitted to Progressive on information and belief through Progressive agent Julia E. Rose.

22. On information and belief, and consistent with ordinary dealership finance, lender-loss-payee, and commercial insurance-placement practices, the dealership, Latorre, Ally, or some combination of them transmitted, attempted to transmit, or made available to Progressive and/or Progressive's agents, vendors, or underwriting systems the Dodge Ram's identifying information, including the VIN, the intended insurer, the policy number, the agent information, and the lender loss-payee information.

23. On information and belief, and consistent with ordinary industry practice, a dealership would not identify a specific insurer, policy number, agent, and loss payee for a financed vehicle unless coverage for that vehicle was intended to be placed, verified, and maintained in connection with the transaction.

24. On information and belief, and consistent with ordinary industry practice, a finance lender and named loss payee such as Ally either directly or through an insurance-tracking vendor monitors proof of insurance, policy status, VIN information, and loss-payee status for financed vehicles and

communicates with borrowers, dealers, agents, insurers, and/or vendors about those items.

25. On information and belief, Progressive, directly or through Latorre as its producing agent, or through vendors, processing channels, underwriting systems, fax intake, policy-service channels, or renewal systems, received actual notice, inquiry notice, or constructive notice that Charlotte Shotcrete intended the Dodge Ram to be included on Progressive policy number 963439874.

26. On information and belief, Progressive had actual or constructive notice not only that the Dodge Ram existed, but that it was supposed to be associated with and/or scheduled on policy number 963439874.

27. If the Dodge Ram was omitted from the policy's vehicle schedule, that omission was the result of clerical mistake, transmission failure, processing error, misunderstanding, failure to complete an intended vehicle addition, failure to act on notice received through the dealership/agent/lender chain, or other mistake in reducing the parties' agreement to writing.

28. Neither Charlotte Shotcrete nor Benjamin intended that a newly purchased and financed work truck identified to the dealership, agent, and lender as insured through Progressive policy number 963439874 would remain uninsured.

29. On information and belief, Progressive accepted premiums under policy number 963439874 and thereafter renewed or continued that policy, while the Dodge Ram remained owned and used by Charlotte Shotcrete, without Progressive's correcting the omission that it now claims defeats coverage.

30. Progressive's current position is based on the absence of the Dodge Ram from the written declarations/schedule, not on any contemporaneous written notice from Progressive that the Dodge Ram had been rejected for scheduling after the insurer, its agent, the dealership, or the lender had been given the Dodge Ram's information.

31. The underlying wrongful-death complaint alleges that Benjamin was operating the Dodge Ram with Charlotte Shotcrete's permission and within the course and scope of his employment.

32. Charlotte Shotcrete contends that Progressive had actual or constructive notice that the Dodge Ram was supposed to be covered, that any omission from the written schedule was the product of mistake or failed processing rather than a deliberate exclusion, and that Progressive therefore is not entitled to a declaration of no coverage.

33. An actual and justiciable controversy exists between Charlotte Shotcrete and Progressive regarding whether Progressive owes duties to

defend and indemnify Charlotte Shotcrete with respect to the claims arising from the accident.

## First Counterclaim for Relief

### Declaratory Judgment – Coverage/ Notice

34. Charlotte Shotcrete realleges and reincorporates by reference all previous responses, answers, and defenses as if fully set forth herein.

35. Progressive seeks a declaration that the Dodge Ram was not an insured auto and that Progressive owes no duties under policy number 963439874.

36. Charlotte Shotcrete seeks the opposite declaration: that Progressive owes duties to defend and indemnify Charlotte Shotcrete in connection with the underlying action, subject to the terms and limits of the policy.

37. Progressive, through direct notice, constructive notice, agency notice, dealership communications, lender/loss-payee communications, or ordinary insurance-placement and processing channels, had actual or constructive notice that the Dodge Ram was intended to be insured under Progressive policy number 963439874.

38. Notice to Latorre, acting within the scope of its role in

procuring, transmitting, maintaining, renewing, and servicing Progressive policy number 963439874, is properly imputed to Progressive.

39. On information and belief, notice of the Dodge Ram was also conveyed, or reasonably should have been conveyed, through the dealership and/or Ally/loss-payee channels in the ordinary course of placing and monitoring insurance for a financed commercial vehicle.

40. Charlotte Shotcrete further seeks a declaration that if the Dodge Ram was omitted from the written declarations or vehicle schedule, such omission resulted from clerical mistake, mutual mistake, failed processing, transmission failure, or other mistake, and that Progressive may not rely on such omission to deny coverage.

## Prayer for Relief

WHEREFORE, Defendant Charlotte Shotcrete Services, LLC requests that the Court:

1. Dismiss Plaintiff's request for a declaration of no coverage as to Charlotte Shotcrete.

2. Enter a declaratory judgment in favor of Defendant Charlotte Shotcrete Services, LLC and against Plaintiff on Plaintiff's claim for declaratory relief;

3.    Declare that Progressive had actual and/or constructive notice that the Dodge Ram was intended to be insured under policy number 963439874

4.    Declare that Progressive owes duties to defend and indemnify Charlotte Shotcrete in connection with the underlying lawsuit pending in the Superior Court of Mecklenburg County, North Carolina, subject to the terms and limits of the policy;

5.    That the Court award Defendant Charlotte Shotcrete Services, LLC its costs incurred in defending this action as permitted by law;

6.    That the Court grant Defendant Charlotte Shotcrete Services, LLC a trial by jury on all issues so triable; and

7.    That the Court grant such other and further relief as the Court deems just and proper

Respectfully submitted,

This, the 2nd day of June, 2026

**HULL & CHANDLER**

By:    */s/ Elizabeth Vennum*
Elizabeth Vennum
N.C. State Bar No. 49747
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
Tel. (704) 375-8488

Fax (704) 375-8487
lvennum@lawyercarolina.com
*Counsel for Defendant Charlotte
Shotcrete Services LLC*

<u>**Certificate of Service**</u>

This is to certify that on this date the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Camilla F. DeBoard
Bovis Kyle Burch and Medlin
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Telephone: (336) 906-3625
Fax: (336) 907-4178
*Counsel for Plaintiff*

Brian E. Thompson, Esq.
Thompson Law Firm
301 N. Main St., Suite 2449
Winston-Salem, NC 27101
Phone: 336-559-7530
*Counsel for Defendant Estate of*
*Karina Elizabeth Ramirez*

Brett Dressler
Sellers Ayers Dortch Lyons
301 S. McDowell Street Suite 410
Charlotte, NC 28204
Phone: (704) 337-5050
bdressler@sellersayers.com
*Counsel for Defendant Michael Benjamin*

This, the 2nd day of June, 2026

**HULL & CHANDLER**

By:    */s/ Elizabeth Vennum*
Elizabeth Vennum
N.C. State Bar No. 49747
Counsel for Defendant
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
Tel. (704) 375-8488
Fax (704) 375-8487

lvennum@lawyercarolina.com