IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:25-cv-913

| | |
|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLOTTE SHOTCRETE SERVICES, L.L.C., MICHAEL BRADLEY BENJAMIN and ROXANA ELIZABETH GOMEZ, Administrator of the Estate of KARINA ELIZABETH RAMIREZ,<br><br>Defendants. | **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF DEFENDANT CHARLOTTE SHOTCRETE SERVICES, LLC** |

COMES NOW, Plaintiff/Counter Defendant Progressive Southeastern Insurance Company ("Plaintiff/Counter Defendant" and "Progressive"), by and through its undersigned counsel, and responds to Charlotte Shotcrete Services, LLC's Counterclaim and avers as follows:

## Parties, Jurisdiction, and Venue

1. The allegations contained in paragraph 1 of the Counterclaim are admitted.

2. The allegations contained in paragraph 2 of the Counterclaim are admitted upon information and belief.

3. The allegations contained in paragraph 3 of the Counterclaim are admitted upon information and belief.

4. The allegations contained in paragraph 4 of the Counterclaim are admitted upon information and belief.

5. The allegations contained in paragraph 5 of the Counterclaim are admitted upon information and belief.

6. The allegations contained in paragraph 6 of the Counterclaim are admitted.

7. The allegations contained in paragraph 7 of the Counterclaim are admitted.

8. The allegations contained in paragraph 8 of the Counterclaim are admitted.

9. The allegations contained in paragraph 9 of the Counterclaim are admitted.

10. The allegations contained in paragraph 10 of the Counterclaim are admitted.

11. The allegations contained in paragraph 11 of the Counterclaim are admitted.

**Factual Allegations**

12. The allegations contained in paragraph 12 of the Counterclaim are admitted.

13. The allegations contained in paragraph 13 of the Counterclaim are admitted upon information and belief.

14. The allegations contained in paragraph 14 of the Counterclaim are admitted.

15. As to the allegations contained in paragraph 15 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the

truth of the matters contained therein and therefore the allegations contained in paragraph 15 of the Counterclaim are denied.

16. As to the allegations contained in paragraph 16 of the Counterclaim, Plaintiff/Counter Defendant admits certain documents were generated as a result of the purchase and/or financing of the 2022 Ram 3500 with VIN 3C63RRJL5NG415048 ("2022 Ram 3500"), which are written documents that speak for themselves. Except as herein admitted, the allegations contained in paragraph 16 of the Complaint are denied.

17. As to the allegations contained in paragraph 17 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 17 of the Counterclaim are denied. In further response, Plaintiff/Counter Defendant states that the document referenced in this Paragraph speaks for itself. To the extent this paragraph misstates, misquotes and/or misinterprets the document, the allegations contained in paragraph 17 are denied.

18. As to the allegations contained in paragraph 18 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 18 of the Counterclaim are denied. In further response, Plaintiff/Count To the extent this paragraph misstates, misquotes and/or

misinterprets the document, the allegations contained in paragraph 18 are denied.

19. As to the allegations contained in paragraph 19 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 19 of the Counterclaim are denied.

20. As to the allegations contained in paragraph 20 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 20 of the Counterclaim are denied.

21. As to the allegations contained in paragraph 21 of the Counterclaim, it is admitted a policy of insurance under policy number 963439874 was issued to Charlotte Shotcrete by Plaintiff/Counter Defendant ("Policy"), which is a written document that speaks for itself. Except as herein admitted, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 21 of the Counterclaim are denied.

22. As to the allegations contained in paragraph 22 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 22 of the Counterclaim are denied.

23. As to the allegations contained in paragraph 23 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 23 of the Counterclaim are denied.

24. As to the allegations contained in paragraph 24 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 24 of the Counterclaim are denied.

25. The allegations contained in paragraph 25 of the Counterclaim are denied.

26. The allegations contained in paragraph 26 of the Counterclaim are denied.

27. The allegations contained in paragraph 27 of the Counterclaim are denied.

28. As to the allegations contained in paragraph 28 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 28 of the Counterclaim are denied.

29. The allegations contained in Paragraph 29 of the Counterclaim are denied.

30. The allegations contained in Paragraph 30 of the Counterclaim are denied.

31. As to the allegations contained in paragraph 31 of the Counterclaim, it is admitted the underlying wrongful-death complaint is a written document that speaks for itself. Except as herein admitted, the allegations contained in paragraph 31 of the Counterclaim are denied.

32. As to the allegations contained in paragraph 32 of the Counterclaim, these allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 32 of the Counterclaim are denied.

33. The allegations contained in Paragraph 33 of the Counterclaim are admitted.

## First Counterclaim for Relief

## Declaratory Judgment – Coverage Notice

34. Progressive repeats, realleges, and incorporates herein by reference its responses to paragraphs 1 through 33 of the Counterclaim with like effect as if fully set forth herein.

35. The allegations contained in Paragraph 35 of the Counterclaim are admitted.

36. As to the allegations contained in paragraph 36 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 36 of the Counterclaim are denied.

37. The allegations contained in paragraph 37 of the Counterclaim are denied.

38. The allegations contained in paragraph 38 of the Counterclaim are denied.

39. The allegations contained in paragraph 39 of the Counterclaim are denied as stated.

40.     As to the allegations contained in paragraph 40 of the Counterclaim, Plaintiff/Counter Defendant lacks knowledge specific to form a belief as to the truth of the matters contained therein and therefore the allegations contained in paragraph 40 of the Counterclaim are denied.

## FIRST DEFENSE

The rights, liabilities and obligations of the insurer that issued the Policy are defined and controlled by the terms and provisions of the Policy, including but not limited to any and all applicable policy definitions, conditions, exclusions, limitations and endorsements, which do not provide coverage to the Plaintiff for the claims asserted herein.

## SECOND DEFENSE

Defendant Charlotte Shotcrete Services, LLC's claims may be barred by their failure to perform all of their duties, obligations or conditions precedent under the terms and conditions of the Policy.

## THIRD DEFENSE

Defendant Charlotte Shotcrete Services, LLC's Counterclaim fails, in whole or in part, to state a claim against Progressive upon which relief can be granted.

## FOURTH DEFENSE

Progressive specifically reserves and preserves the right to add further and additional affirmative defenses as additional investigation and/or discovery may warrant.

WHEREFORE, Progressive requests that the Court grant the following relief:

1. The Court enter an order or judgment declaring that Progressive has no duty or obligation under the Policy to make any payment to or on behalf of Defendants;

2. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to defend Michael Bradley Benjamin in the Underlying Lawsuit.

3. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to defend Charlotte Shotcrete Services, LLC in the Underlying Lawsuit.

4. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to indemnify Michael Bradley Benjamin in the Underlying Lawsuit;

5. The Court enter an order or judgment declaring Plaintiff is entitled to a declaration that it has no duty to indemnify Charlotte Shotcrete Services, LLC arising from allegations in the Underlying Lawsuit;

6. A trial by jury on all issues of fact contained herein, if applicable;

7. The costs of this action be taxed against Defendants, and

8. The Court provide Progressive such other and further relief as the Court deems just and proper.

This the 23rd day of June, 2026.

BOVIS, KYLE, BURCH & MEDLIN, LLC

/s/Camilla F. DeBoard

Camilla F. DeBoard
N.C. State Bar No. 41265
Laura M. Forrest
N.C. State Bar No. 45194
804 Green Valley Rd., Suite 101
Greensboro, NC  27408
Email: cdeboard@boviskyle.com
Telephone: (336) 907-3265
Facsimile: (336) 907-4178
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF DEFENDANT CHARLOTTE SHOTCRETE SERVICES, LLC was** served upon the parties to this action filing the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Elizabeth Vennum
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
lvennum@lawyercarolina.com
*Attorney for Defendant Charlotte*
*Shotcrete Services, LLC*

Brian E. Thompson
Thompson Law Firm
301 N. Main Street, Suite 2449
Winston-Salem, NC 27101
Brian@thompsonpersonalinjury.com
*Attorney for Defendant Roxana Gomez,*
*Admin of the Estate of Karina Ramirez*

Brett E. Dressler
Sellers, Ayers, Dortch & Lyons, PA
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
bdressler@sellersayers.com
*Attorney for Michael Bradley Benjamin*

This the 23rd day of June, 2026.

BOVIS, KYLE, BURCH & MEDLIN, LLC

/s/Camilla F. DeBoard
Camilla F. DeBoard
N.C. State Bar No. 41265
804 Green Valley Rd., Suite 101
Greensboro, NC 27408
Email: cdeboard@boviskyle.com
Telephone: (336) 907-3265
Facsimile: (336) 907-4178
*Attorney for Plaintiff*