IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-913-MEO-DCK

| | | |
|---|---|---|
| **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | **ORDER** |
| **v.** | ) | |
| **CHARLOTTE SHOTCRETE SERVICES, LLC, et al.** | ) | |
| **Defendants.** | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant "Michael Benjamin's Motion To Compel Non-Party Ally Financial Inc.'s Compliance With Rule 45 Subpoena" (Document No. 19) filed March 31, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**BACKGROUND**

The instant motion arises from nonparty Ally Financial Inc. ("Ally Financial")'s failure to produce documents in response to a Rule 45 subpoena purportedly served by Defendant Michael Benjamin ("Defendant Benjamin"). (Document No. 19). This case is a declaratory-judgment action concerning insurance coverage issues arising from a July 2024 motor vehicle accident involving a 2022 Ram 3500 (the "Vehicle"). Id. at 1. Defendant Benjamin asserts that "[t]he dealership's insurance acknowledgement for the Vehicle identified . . . Ally Financial as loss payee, making Ally [Financial's] loan and insurance-monitoring records [which are the subject of

the subpoena] directly probative of whether the Vehicle was reported, tracked, verified, scheduled, or treated as insured." Id. at 2–3

The motion asserts that on February 12, 2026, Defendant Benjamin sent the subpoena and cover letter to Ally Financial's registered agent by certified mail. Id. at 2. "USPS tracking reflects that the subpoena package was delivered on February 18, 2026, at 11:55 a.m. in Raleigh, North Carolina and was left with an individual." Id. (citing Document No. 19-3, p. 1). However, "Ally [Financial] has not produced documents, served written objections, requested an extension, or otherwise responded to the subpoena." Id.

Defendant Benjamin filed the instant "Michael Benjamin's Motion To Compel Non-Party Ally Financial Inc.'s Compliance With Rule 45 Subpoena" (Document No. 19) on March 31, 2026. The undersigned notes that Ally Financial has not filed any response or moved to quash.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties. Fed.R.Civ.P. 45; see also Fed.R.Civ.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or permit an inspection."). The underlying subpoena must be issued by the court where the underlying action is pending, but a motion to compel or a challenge to a subpoena "to a nonparty must be made in the court where the discovery is or will be taken." Fed.R.Civ.P.45(a)(2); 37(a)(2). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed.R.Civ.P. 45(f).

## DISCUSSION

By the instant motion, Defendant Benjamin moves to compel Ally Financial to comply with the Rule 45 subpoena that Defendant Benjamin asserts was served on Ally Financial's registered agent on February 18, 2026. (Document No. 19). Defendant Benjamin further contends that the information sought by the subpoena is "directly relevant" to the action and that Defendant Benjamin "has no adequate alternative source for the complete set of Ally [Financial's] insurance-tracking, proof-of-insurance, and lender communications concerning the Vehicle." Id. at 2, 3.

The undersigned will allow Defendant Benjamin's request. Ally Financial has not filed a response or moved to quash; thus, in the absence of any objections or argument to the contrary, the undersigned will grant Defendant Benjamin's motion. The undersigned expresses no opinion regarding any possible objections to the subpoena.

**IT IS, THEREFORE, ORDERED** that Defendant "Michael Benjamin's Motion To Compel Non-Party Ally Financial Inc.'s Compliance With Rule 45 Subpoena" (Document No. 19) is **GRANTED**. Defendant Benjamin shall serve this Order on Ally Financial Inc., and Ally Financial Inc. shall respond to the subpoena, on or before **October 28, 2026**.

**IT IS FURTHER ORDERED** that Defendant Benjamin's other requests for relief are **DENIED without prejudice**.

**SO ORDERED**.

Signed: October 13, 2026

David C. Keesler
United States Magistrate Judge